## FLEMING v. BAXTER.

1. GARNISHMENT.
The attachment of property within this state of nonresident defendants not personally served with process is a prerequisite to the jurisdiction of the court to render judgment against them, and also to the collateral liability of a garnishee. The burden of proving this fact is upon the plaintiff in the attachment suit.
2. SAME.
To justify a recovery against a garnishee, it must be shown affirmatively by the answer or by the evidence that at the time of service of the garnishee summons he had property of the defendant in his possession of a description which will authorize his being charged, or that he was indebted to the defendant.
3. SAME.
Only debts due or those which by virtue of a contract existing at the time of service of the garnishee summons are to become due, and the property belonging to the. debtor then in the garnishee's possession, are impounded by garnishment. The garnishee's liability does not extend beyond such property and such indebtedness.

*Error to the County Court of Arapahoe County.*

ON the 13th day of May, 1890, Joseph N. Baxter, the defendant in error, filed his complaint in the county court of Arapahoe county, against Emily Waddington and Joseph Waddington, to recover upon certain promissory notes executed by them, and sued out a writ of attachment upon the ground that defendants were nonresidents of the state of Colorado; and caused William K. Fleming, the plaintiff in error, to be summoned as garnishee.

On the 24th day of May, 1890, the garnishee answered that he was in no manner indebted to defendants, and that he had not in his possession, charge, or under his control, any property, effects, goods, chattels, rights, credits or choses in action of said defendants.

On the 2d day of June, 1890, the plaintiff replied to said answer, traversing the same and alleging that at the time of the service of the garnishee summons the said garnishee had in his possession in trust and for the use of the defendant, Emily Waddington, twenty-two promissory notes, payable to her order, aggregating the sum of $2,200, the property of Emily Waddington. Constructive service was sought to be made by publication upon defendants, and they failing to appear, judgment by default was rendered against them for the sum of $1,533.75.

Thereafter a trial was had upon the traverse of the garnishee's answer. The plaintiff testified that about half past eight on the day the attachment suit was commenced, he went to the garnishee and asked him if it was a fact that he had in his possession $2,000 of notes belonging to defendant; that he said " Yes, it was." That in a half hour afterwards he filed the papers and the garnishee was served at half past ten that day. And the garnishee being sworn on behalf of plaintiff, testified that the notes referred to in plaintiff's reply had been sold and delivered by him previous to the service of the garnishee summons; that he had delivered the notes to Mr. Stevens on Saturday; that on Tuesday morning, about 9 o'clock, or before that hour, he accepted an offer of $1,700 for the notes; that at ten o'clock he was served

with the summons; that on Wednesday following he received a check for the amount of the purchase and sent the same to the defendant, Emily Waddington.

Upon this evidence the court rendered judgment against the garnishee for the sum of $1,533.75. To reverse this judgment the garnishee brings the case here on error.

Messrs. WOLCOTT & VAILE and Mr. HENRY F. MAY, for plaintiff in error.

Mr. JOSEPH N. BAXTER and Mr. J. S. DOESBERG, .for defendant in error.

MR. JUSTICE GODDARD delivered the opinion of the court.

The liability of the garnishee, as well as the validity of the judgment against the defendants in the main suit, is contingent upon the possession by the garnishee of the notes sought to be impounded at the time of the service of the garnishee summons, since the attachment of property of the nonresident defendants within the state was an essential prerequisite to the jurisdiction of the court to render a judgment against them in the main action, and to the collateral liability of the garnishee. The burden of proving the existence of this fact devolved upon the plaintiff in the attachment suit.

"In order to a recovery against a garnishee, it must be *shown affirmatively*, either by his answer or by evidence *aliunde*, that he has property of the defendant in his possession, of a description which will authorize his being charged, or that he is indebted to the defendant. The law will not presume him liable, nor will he be required to show facts entitling him to be discharged, until at least a *prima facie* case is made out against him." Drake on Attachment, sec. 461.

In this particular it is clear, from the testimony introduced upon the trial of the traverse to the garnishee's answer, that

plaintiff wholly failed. Instead of showing the possession of the notes in the garnishee at the time of the service of summons upon him, it is uncontradicted that he had disposed of them and parted with their possession prior to that time. The court below was manifestly of the opinion that the receipt of the purchase price of the notes, after the service of summons, was sufficient to render him liable as garnishee. In this the court erred. We think it clear, under our statute, that the liability of a garnishee is to be determined as of the same time the summons is served. In other words, only debts due, or by virtue of a then existing contract are to become due from the garnishee to the debtor, and the property then in his possession belonging to the debtor is impounded, and the garnishee's liability is not extended beyond such property or indebtedness. The cases that hold that a garnishee is chargeable for whatever may come into his hands after service, and before answer, are based upon peculiar statutory provisions that are not found in our garnishment act. It follows, therefore, that since the garnishment of plaintiff in error was ineffectual to attach any property of defendants at the time of service of the writ, the court acquired no jurisdiction to render judgment against defendants; and as this was essential to a valid judgment against the garnishee, the judgment rendered against him is clearly erroneous.

From this conclusion it results that the judgment rendered by the trial court against the garnishee must be reversed, and the garnishee discharged.

VOL XX—16                                           *Reversed.*