Thomson, J.
On the 3d day of October, 1893, the appellees commenced their action in the district court of Conejos county against James F. Donald, to recover the amount of an alleged indebtedness from him to them, and caused a writ of attachment to be issued in aid of their suit. The sheriff, being unable to find property on which to levy his writ, at the request of the plaintiffs, served' a summons in garnishment upon the appellant. On the 26th day of October, 1893, the garnishee made answer that he was in possession of a stock of goods, wares and merchandise, under and by virtue of a .chattel mortgage executed to him by the defendant to secure an indebtedness from the latter to him ; that he was at that time engaged in selling the articles composing the stock, for the purpose of satisfying the debt; that he had then realized $656.53, and that there was still a balance due of $115.99. Afterwards, on the 9th day of January, 1894, the garnishee deposited in court a paper which he denominated a supplemental answer, setting forth that, by means of subsequent sales, the debt secured by the mortgage was fully paid and satisfied; that he had no further interest in the property; that the unsold goods in his hands were worth about $2,000; and praying an order upon the sheriff, or a custodian whom the court might appoint, to receive the property from him. A copy of this document was mailed to the plaintiffs’ counsel the day before it was left in the court, and was duly received by him. The court made ho order in relation to the property, and the paper was ignored by it as well as by the plaintiffs. On the 15th, day of February, 1894, upon demand of a party holding a second mortgage of the same goods, and a threat by him that if the goods were not surrendered he would commence proceedings for their possession, the garnishee relinquished the property to him.
*67 Judgment by default was entered against the defendant on the 27th day of May, 1895, for $612.82. Afterwards, on the 6th day of May, 1897, on motion of the plaintiffs, the judgment was set aside, and an alias summons issued, upon which return was made, August 13,1897, that the defendant could not be found. Thereupon service was made by publication, and on the 11th day of November, 1897, judgment by default was again entered against the defendant, — this time for $696.91. On the 29th day of December, 1897, the plaintiffs moved the court for judgment against the garnishee upon his answer and supplemental answer; and on the 28th day of January, 1898, he filed his counter motion for his discharge as garnishee. The court allowed the former motion and denied the latter, and entered judgment against the garnishee for the amount of the judgment against the defendant. The garnishee appeals.
It is only in case the answer of the garnishee shows that he is indebted to the defendant, or has personal property in his possession, or under his' control, belonging to the defendant, or, in case his answer denying indebtedness to the defendant, or possession of his property, is successfully controverted, that a judgment against him is lawful. In order to charge him upon his answer, it must contain a clear admission of a debt due to, or the possession of attachable property of, the defendant; and where his answer is a substantial denial of indebtedness, or possession of attachable property belonging to the defendant, he is entitled to a judgment of discharge, unless the force of the denial is overcome by other statements in the answer, or unless the answer is shown to be untrue. Drake on Attachment, § 659; Wade on Attachment, § 367; Railway Co. v. Gibson, 15 Colo. 299.
The answer of this garnishee showed property in his hands which had been mortgaged to him by the defendant to secure the payment of a debt the defendant owed him, which still remained unpaid. No attempt was made to controvert that answer, and, for the purposes of this case, it is therefore true. It did not admit the possession in the garnishee of property *68 belonging to the defendant. Its statements had an exactly contrary effect. Being a mortgagee of goods, in possession after forfeiture, the garnishee was the legal owner. The goods were his property until his debt should be satisfied. He might well have answered, when garnisheed, that he had no property in his possession, or under his control, belonging to the defendant; and such answer would have been sustained by proof of the allegations of the answer which was filed. Metzler v. James, 12 Colo. 333. Instead, however, of denying, in terms, the possession of property of the defendant, he set forth the facts; but as the want of ownership in the defendant was the necessary result of those facts, their effect was the same as that of a direct denial.
The answer of a garnishee is given in response to interrogatories. The law provides for no other answer. It is made with reference to the facts existing at the time of the service of the writ of garnishment. If, at that time, the garnishee owes the defendant a debt, or has personal property of the defendant in his possession, or under his control, he must so answer, and abide the judgment of the court. But if, at that time, he is not indebted to the defendant, or has not in his possession, or under his control, any property of the defendant, he is entitled to a discharge. He is not answerable for effects of the defendant coming into his hands, or indebtedness accruing from him to the defendant, after the garnishment. Drake on Attachment, § 451a.
There is no question here of an indebtedness from the garnishee to the defendant. The only controversy is over his answer to the interrogatory whether he was in the possession or control of property belonging to the defendant; and, upon that answer, in our opinion, he was entitled to a judgment of discharge. And our belief receives confirmation from the fact that the legislature has made special provision for the exact situation which the answer disclosed. The following is section 135 of the Code: “ When any personal property, choses in action, or effects of the defendant in the hands of a garnishee are mortgaged or pledged, or in any way liable for *69 the payment of a debt to him, the plaintiff may, under an order of the court for that purpose, pay or tender the amount due to the garnishee, and thereupon the garnishee shall deliver the personal property, choses in action, and effects to the sheriff, as in other cases.” By that section, the title of a mortgagee of personalty, in possession, is recognized and protected; and, for the very reason that while the mortgage remains unsatisfied the property does not belong to the defendant, it extends to the attachment plaintiff the privilege of extinguishing the mortgagee’s title, in order that, the ownership being thus revested in the defendant, the chattels may be subjected to the garnishment. No other method is provided whereby mortgaged goods, in the possession of the mortgagee, can be reached by such process while the debt secured remains unpaid; and, in a case like the one before us, if the attachment plaintiff, resorting to garnishment in aid of his proceeding, does not avail himself of the provisions of that section, he is without remedy against the mortgaged property, so long as the mortgagee’s title remains unextinguished ; and when the property reverts to the defendant, it can he reached only by new process.
About three months after this garnishee made his answer, he deposited a paper in court, setting forth that his debt had been paid, and his interest in the property extinguished; and asking an order that he deliver the property to the sheriff or some other custodian. He styled the paper a “ supplemental answer.” His answer had been filed, and his right to answer exhausted, a considerable time before the presentation of this paper. The paper was not a “supplemental answer.” It was not an answer at all. And the order it prayed was one which, in the then condition of the case, the court had no authority to- grant. A delivery by the garnishee to the sheriff can he ordered only where the answer admits possession in the garnishee of- property belonging to the defendant, or where, upon a trial of issue joined upon the answer, such possession is found. Mills’Ann. Code, §§ 124,128. The paper was not a pleading, and for any purpose connected with the *70 record, it was totally ineffective. But a copy was sent to plaintiff’s attorneys, and they were thus notified that the garnishee no longer had title, and that he was then in possession of property belonging to the defendant. Such property was not affected by the garnishment, because it became the defendant’s after the service of the writ. But the garnishee voluntarily gave the plaintiff information which, if the latter had acted upon it, might have been of value to him. No duty rested upon the garnishee to impart the information ; and to call the paper an answer, and to use it for the purpose of compelling the garnishee to pay the indebtedness of the defendant, could hardly be regarded as a generous return for a kindness.
The judgment will be reversed, with instruction to the court below to enter a judgment discharging the garnishee.

Reversed.