"Wilson, P. J.
This suit was an action in debt, begun before a justice of the peace, and hence we can ascertain the nature of the controversy and the issues only from the evidence presented. It appears that defendant Forsyth entered into a written contract with the plaintiff, Frank Lynch and James Ryan, Jr., whereby he agreed to pay to the latter a certain sum per ton for all castings made by them at his foundry, he agreeing to furnish certain tools, patterns, etc. The con *512 tract was to continue for a period of four months. Before its expiration it is claimed that there was a breach of contract by the defendant, and that the same was abandoned. Thereafter, this plaintiff electing to sue upon a quantum meruit, began this suit to recover the amount alleged to be due for the foundry work done by all three of the parties, claiming an assignment by Lynch and R.yan, Jr., of the debt, or that portion of it due to them respectively.
It is alleged that an assignee of a chose in action cannot maintain an action before a justice of the peace in his own name. There is no need to consider or discuss the reasons urged by counsel, because this question has been settled by the supreme court, adversely to this contention.—Layton v. Kirkendall, 20 Colo. 238.
Whether there was an assignment was a question of fact which was affirmatively settled by the verdict of the jury upon conflicting evidence, and there being sufficient to sustain the finding, it is conclusive upon this court. An assignment of a debt may be by parol, and may be inferred from the acts and conduct of the party.—Chamberlin v. Gilman, 10 Colo. 100.
It is claimed that the alleged assignment was not proved, because no consideration was shown. This contention cannot be upheld. If the defendant owed the debt, payment to the assignee would discharge it, and it is immaterial, as between the assignor and the assignee, what the consideration was, or whether there was any.—Reduction Co. v. Johnson, 10 Colo. App. 139.
It appearing in evidence that the plaintiff was to pay a board bill due by Lynch in case he collected the money from defendant due to Lynch, it is insisted that this shows that the claim was still under the control of Lynch, and that there was no actual assign *513 ment. This contention is also untenable. It has been expressly determined otherwise by this court. The agreement between plaintiff and Lynch concerning the disposition of the proceeds did not defeat the recovery.—Gomer v. Stockdale, 5 Colo. App. 492.
This disposes of all the legal questions which require notice. All other issues were questions of fact, which the jury determined against the defendant, and for the reasons above stated their findings will not be disturbed by this court.
The judgment will be affirmed. Affirmed.
Gunter, J., not sitting.