## No. 10,875.

### BANK OF VERNAL, ET AL. *v*. BANK OF GRAND JUNCTION.

Decided January 5, 1925. Rehearing denied February 2, 1925.

Proceeding in garnishment. Judgment against garnishees.

### *Reversed.*

1. CHATTEL MORTGAGE—*Defective Description—Possession of Mortgagee.* A defective description in a chattel mortgage is cured by subsequent delivery of the property to the mortgagee, as

against persons who had no right or interest in the property at
the time of the delivery.

2.     *Validity—Possession of Mortgagee.*  Where two mortgagees
took joint possession of the property covered by both mortgages,
it being all the property of that character owned by the mort-
gagor, it is held that the possession was valid as against a sub-
sequent attaching creditor, none of the property being free from
one or the other of the chattel mortgages, although the descrip-
tion was defective.

*Error to the District Court of Mesa County, Hon. Thomas
J. Black, Judge.*

Mr. P. A. WELLS, Messrs. VINCENT & VINCENT, for
plaintiffs in error.

Messrs. TUPPER & SMITH, Messrs. DOUD & WALKER, for
defendant in error.

*Department Two.*

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE
TELLER, delivered the opinion of the court.

THIS is an action brought by the Bank of Grand Junc-
tion against George Kritsas to recover the sum of approxi-
mately $9,000 alleged to be a balance due on promissory
notes.  A writ of garnishment was issued against the Bank
of Vernal and Clay, Robinson & Co., as garnishees.  There
was a judgment against the garnishees and they bring the
cause here for review.

Disregarding immaterial details, the facts admitted or
established are as follows:  George Kritsas, the defendant,
gave a chattel mortgage to the Bank of Vernal upon 800
head of sheep, and a chattel mortgage to Clay, Robinson
& Co. upon 1350 head of sheep, and other property not now
involved.  The two mortgages covered all the sheep owned
by the mortgagor.  The herd, consisting of the 2,150 sheep
above mentioned, became depleted until it was composed
of only 1,700 sheep.  These 1,700 animals were, at the time
these proceedings were instituted, in the joint possession
of the two mortgagees.

If each mortgagee was in possession exclusively of such, and only such, property as was mortgaged to him or it, respectively, it is conceded that the mortgages would each be valid, not only as between the parties, but third persons as well. A defective description is cured by subsequent delivery of the property to the mortgagee, as against persons who had no right or interest in the property at the time of the delivery. 11 C. J. 472; *Horn v. Reitler,* 12 Colo. 310, 21 Pac. 186. The reason for the rule is that the taking of possession is an identification and appropriation of the specific property to the mortgage. *Marsh v. Wade,* 1 Wash. 538, 20 Pac. 578.

The contention of defendant in error is, in effect, that the joint possession of the two mortgagees did not so identify the property mortgaged to each party as to cure the defective description. The fact remains that the property in the joint possession of the two mortgagees was all the property mortgaged by the mortgagor, and was also all the property of that character owned by him. It follows that none of the property so held by the mortgagees was free from one or the other of the chattel mortgages. There was, therefore, no property, not mortgaged, which an attaching creditor could seize.

For the reasons above indicated, we hold that the chattel mortgages, and each of them, are valid, not only as between the parties to them respectively, but also as against the plaintiff.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.