## No. 11,590.

BANK OF GRAND JUNCTION *v.* BANK OF VERNAL, ET AL.

Decided May 2, 1927.

Proceedings in attachment and garnishment. Garnishee discharged.

### *Reversed.*

1. APPEAL AND ERROR—*Garnishment.* Refusal of the trial court to hear evidence or argument on right of a creditor to proceed against a garnishee after a reversal of the case by the Supreme Court, held, under the facts, to be error.

2. *Garnishment.* Where mortgages under which garnishees held property were declared valid on appeal and the case was remanded for "further proceedings not inconsistent with this opinion," the garnisheeing creditor was entitled to a trial of his right to hold by garnishment any equity of the mortgagor in the property.

3. GARNISHMENT—*Lien.* In a garnishment proceeding, where the garnishee claims a lien on property of the debtor held by him, the plaintiff creditor may traverse the garnishee's answer and in the alternative pray for leave to pay the lien and take over the property under Code section 152.

4.    *Mortgage—Liability of Garnishee.*   Where a mortgagee, after being garnished by an attaching creditor of the mortgagor, sells the mortgaged property, satisfies his lien out of the proceeds and turns over a balance to the mortgagor, he is liable to the garnisheeing creditor for the amount of such balance.

5.    CHATTEL MORTGAGE—*Confusion of Goods.*   Where flocks of sheep mortgaged to different parties, become mixed and depleted, and identification under the mortgages is impossible, mortgagees are entitled to have the depleted number divided in proportion to the number mortgaged to each or to have the proceeds so divided if the property has been sold.

*Error to the District Court of Mesa County, Hon. Thomas J. Black, Judge.*

Messrs. TUPPER, SMITH & HOLMES, Messrs. DOUD & WALKER, for plaintiff in error.

Mr. P. A. WELLS, Messrs. VINCENT & VINCENT, for defendants in error.

*Department One.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE Bank of Grand Junction sued one Kritsas, issued attachment and garnished the defendants in error, the Bank of Vernal and Clay, Robinson & Co., who answered that they were mortgagees in possession of sheep belonging to Kritsas. The plaintiff in error traversed the answer, claiming the mortgages were invalid; the district court held them invalid, but on writ of error we reversed that judgment and held them valid. *Bank of Vernal v. Bank of Grand Junction,* 76 Colo. 448, 232 Pac. 923. After remittitur the district court, refusing to hear evidence or argument, discharged the garnishees and the Bank of Grand Junction comes here on error. We think the court erred.

The ground of the district court's action was that our decision had left nothing to try. We did not understand that necessarily to be the case. We remanded the case for "further proceedings not inconsistent with this opinion." We think that there was at least one thing to be tried and that was the right of the Bank of Grand Junction to hold by garnishment the equity of Kritsas in the mortgaged property. The effect of the district court's judgment was to deny that right and on that point we think it was wrong.

Section 152, Code 1921, is as follows: "When any personal property, choses in action, or effects of the defendant in the hands of a garnishee are mortgaged or pledged, or in any way liable for the payment of a debt to him, the plaintiff may, under an order of the court for that purpose, pay or tender the amount due to the garnishee, and thereupon the garnishee shall deliver the personal property, choses in action, and effects to the sheriff, as in other cases." L. '87, p. 137, § 135; Code '08, § 151.

The plaintiff in the traverse of the answer asked the court, if the lien of the garnishees should be held valid, to fix the amount due and make the order provided for in said section. The court should have ruled on that request. The judgment in effect denies it, which, we think, was an error.

The only question, on the above facts, is whether a plaintiff may lawfully traverse and, in the alternative, pray for leave to pay the lien debt according to section 152, or whether he must elect either to traverse or to pay. It would seem that the question answers itself. He says I deny that the garnishee has any interest, but if he has I want to pay it. What possible reason is there against that? He had a right to traverse. He had a right to pay. Which is juster, to compel him to redeem from a lien he believes invalid or lose his right to redeem altogether, or to let him try its validity and redeem if it is valid? The *amount* of the lien would have to be

determined before the leave were granted anyhow. If the court must determine the amount of the lien it must necessarily determine whether it amounts to anything at all. If part is invalid it must say so; if all, likewise. The question whether one might ask leave to pay after defeat on the traverse is not before us.

Defendants in error cite *Metzler v. James,* 12 Colo. 322, 19 Pac. 885, and *Bragdon v. Bradt,* 16 Colo. App. 65, 64 Pac. 248. The first of these cases merely holds that a judgment creditor cannot levy by seizure and sale on his debtor's property in the hands of a mortgagee; the second that he can reach such property only by proceeding under said section 152, which is what plaintiff in error was doing. Neither holds that he might not do so after traverse, nor that he might not do so with traverse. Code 1921, §§ 129, 132 and 136 show an intent that every sort of interest of the debtor might be garnished.

These considerations dispose of the arguments based on the theory that the title to mortgaged chattels is in the mortgagee because there is nothing in that theory that forbids or hinders the test of that title by traverse or the capture of the mortgagor's interests under § 152.

The defendants in error, mortgagees, it is said in the briefs, have disposed of the mortgaged property and have paid themselves and turned over the balance to the mortgagor. It follows, of course, from what we have said that they must make that good by paying to plaintiff in error whatever excess there is over what the court may find was due on the mortgages when the sheep were sold.

But plaintiff in error claims it is entitled to more, and we think rightly. Clay, Robinson & Co. had a mortgage on one flock of 1,350 sheep, the Bank of Vernal on another of 800. (See *Bank of Vernal v. Bank of Grand Junction, supra.*) The flocks were mixed and became depleted from 2,150 to 1,700. In the above case we held the mortgages still good, but that did not make them one mortgage or subject the sheep mortgaged to one party

to the mortgage of the other. If the sheep could have been identified each flock should have been sold to pay its own mortgage and the balance if any, accounted for to the garnishing creditor. 'It seems to be conceded that they could not be identified; we think, therefore, that the mortgagees were entitled to have the depleted flock divided in proportion to the number mortgaged to each. 12 C. J. 447. *Clay, Robinson & Co. v. Larson,* 125 Minn. 271, 146 N. W. 1095. It follows that the proceeds of the sheep should have been so divided. *Id.*

The district court should proceed to the determination of the rights of plaintiff in error on the lines above pointed out. It should be understood we are not finding any facts, but are leaving to the district court to find all facts not heretofore found, and to proceed accordingly.

The above conclusions make it unnecessary to consider other matters in the briefs.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

MR. CHIEF JUSTICE BURKE, MR. JUSTICE WHITFORD and MR. JUSTICE SHEAFOR concur.