No. 14,702.

GREEN *v.* GREEN ET AL.
(113 P. [2d] 427)

Decided April 28, 1941.   Rehearing denied May 19, 1941.

Mr. WILLIAM J. CHRISTENSEN, Mr. A. MORRIS GINSBERG, Mr. L. F. BUTLER, Mr. HARRY A. KING, for plaintiff in error.

Mr. JOHN IRA GREEN, for defendants in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS action is one in which a judgment creditor seeks to attach and garnishee a legacy in the hands of executors as trustees. Plaintiff in error, D. Eloise Green, to whom we hereinafter refer as judgment creditor, obtained a judgment in Pennsylvania against her husband, Culver A. Green, Jr., the legatee, defendant in error, in the sum of $1,270. The judgment creditor instituted

an action in this state on her judgment, and, since Culver A. Green, Jr. was without the state, and it being impossible to obtain a personal judgment against him, she proceeded in rem by attachment and garnisheed the legacy, or any amount due under it, held by the other defendants in error, John Ira Green and G. A. Jenkins —hereinafter designated as garnishees—as trustees for the use and benefit of Culver A. Green, Jr. The legacy in question is contained in subdivision (f) of the third paragraph of the will of Culver A. Green, testator, and is as follows:

"Third: I give, devise and bequeath all the rest, residue and remainder of my estate, both real, personal or mixed, wheresoever and whatsoever to the following named persons in the proportions, shares, and under the conditions and in the manner following, to-wit:

\*    \*    \*    \*

"(f)   To the Executors of this my last Will and Testament in trust for the use and benefit of my son, Culver A. Green, should he survive me, now residing at Pittsburgh, Pennsylvania, and for the use and benefit of his issue should he die before I do, leaving issue surviving him, one twentieth (1/20) interest and I direct and command the Executors of this my last Will and Testament to pay to the said Culver A. Green, should he survive me, the sum of one thousand ($1000.00) at the time of the first distribution of this Estate from said one twentieth (1/20) portion and to invest the remainder of said one twentieth (1/20) portion in Government Bonds of the United States for the use and benefit of said Culver A. Green, rendering and paying to the said Culver A. Green a one tenth (1/10) portion of the principal and interest of said sum invested in Government Bonds each year for ten years, the first payment to be made to the said Culver A. Green on the anniversary of the payment of the one thousand dollars ($1,000.00) above mentioned to be paid at the time of the first distribution, as aforesaid, and in the event that the said Culver

A, Green should die before I do leaving issue him surviving, then his issue shall take the whole of said one twentieth (1/20) portion in fee simple, share and share alike."

The questions in the garnishee summons and the answers of the garnishees thereto which are pertinent to the issues here, are as follows:

"1. Are you in any manner indebted to the defendant Culver A. Green (Jr.) in either property or money, and is the same now due; if not, when is the same to become due? State fully all particulars.

"Answer: Yes. The undersigned hold four $500.00—2½% U. S. Postal Savings Bonds registered in name of Culver A. Green, now deceased, for use and benefit of Culver A. Green, Jr., but subject to the terms, conditions and restrictions of said trust created by the Last Will and Testament of the said Culver A. Green, Deceased, and the intentions of the Testator under said Will. $200.00 of the principal amount mentioned together with interest will be due the cestui que on June 1, 1938.

"2. Have you in your possession, in your charge, or under your control, any property, effects, goods, chattels, rights, credits, or choses in action of said defendant, or in which he . . . . . interested? If so, state what is the value of the same, and state fully all the particulars.

"Answer: Same as above. In addition the undersigned will come into ownership in trust for said Culver A. Green, Jr., an additional amount of property if and when the Estate of Culver A. Green, deceased, is finally distributed. The undersigned do not know when that may be nor the value of said interest in the estate."

This answer was not traversed. There was no appearance by Culver A. Green, Jr. in the court below, and he does not appear here.

The trial court held that the interest of Culver A. Green, Jr., in the testamentary bequest above set out is too uncertain and contingent to be the subject of garnishment, and that at the time garnishees were served,

March 18, 1938, there was no attached res in their hands belonging to Culver A. Green, Jr., and, since he was not personally served, it discharged the garnishees for want of jurisdiction. To review this order the judgment creditor has sued out a writ of error.

The judgment creditor contends that Culver A. Green, Jr., the legatee, had a definite and certain interest in the property of the estate under the above legacy which was susceptible of garnishment in attachment proceedings in its entirety, as his personal property, within the meaning of sections 129 and 157, Code of Civil Procedure. The argument is that the beneficiary has an absolute and indefeasible interest in the trust estate created for his benefit, and therefore it is subject to attachment and garnishment for his debts. In support of this contention the judgment creditor primarily relies on the case of *Department of Public Welfare, Commonwealth of Kentucky v. Meek,* 264 Ky. 771, 95 S.W. (2d) 599, which it is claimed is precisely in point with the instant case. We do not think so, and believe it to be readily distinguishable. It did not involve any question relating to garnishment. In that case one Mims was the beneficiary of a legacy in trust in the sum of $2,500, to be paid to him in an amount not to exceed the sum of $250 per year. After his death the trustee brought an action to determine to whom he should pay the balance of the trust fund. The controversy about the fund was between the heirs of the beneficiary and the Department of Public Welfare of Kentucky, which claimed compensation for services rendered to the beneficiary while he was an inmate in the state hospital. This claim was allowed under a statute (section 2355, Kentucky Statutes) of Kentucky, expressly providing that estates held or possessed in trust shall be subject to the debts of the beneficiary. We have no such statutory provision in this state; however, in our opinion, a solution of the problem in accordance with the judg-

ment creditor's contention is not necessary to sustain the judgment of the lower court.

██ The garnishees are not chargeable unless Culver A. Green, Jr. could recover in his own name and for his own use that which the judgment creditor seeks to secure by garnishment. *Jones v. Langhorne,* 19 Colo. 206, 34 Pac. 997; *Fleming v. Baxter,* 20 Colo. 238, 38 Pac. 57; *State v. Elkins,* 84 Colo. 409, 270 Pac. 875. It is clear, from a reading of that portion of the will relating to the legacy in question, that the legatee could not recover from the garnishees, in his own name and for his own use, that which the judgment creditor seeks by garnishment. He was, under the express provisions of the will, entitled only to a "one-tenth portion of the principal and interest" annually. Why the testator made that stipulation is a matter with which we are not here concerned, but the stipulated terms are the only ones under which the beneficiary could claim. To permit otherwise would be a breach of the provisions of the testator's will; moreover, the rights and liabilities of the garnishee are to be determined as of the date of the garnishment. *Fleming v. Baxter, supra; Day v. Bank,* 76 Colo. 223, 225, 230 Pac. 785; *State v. Elkins, supra.* The only service upon garnishees was March 18, 1938. The item of annual payment to the beneficiary of $200 and interest, as set out in the garnishees' answer, was not due until June 1, 1938. The garnishment of this sum, after it was due and before payment to the beneficiary, would have been proper. There being no res in existence March 18, 1938, belonging to the beneficiary which could be reached by attachment, and since no personal service could be made upon Culver A. Green, Jr., he being without the state, the trial court correctly discharged the garnishees.

Judgment affirmed.

MR. JUSTICE YOUNG and MR. JUSTICE HILLIARD not participating.