## No. 14,854.

KECK, ADMINISTRATOR *v.* VOGT ET AL.
(117 P. [2d] 1005)

Decided October 6, 1941.

Mr. H. M. HOWARD, for plaintiff in error.

*In Department.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS case is one involving garnishment proceedings subsequent to judgment. Plaintiff in error Keck, as administrator to collect of the estate of Augusta Sauer, deceased, was the judgment creditor; defendants in error Michael and Elizabeth Vogt were the debtors, and I. D. Atkinson, claiming an interest in the subject of the controversy, appeared as intervener and also is a defendant in error here.

It appears from the record that defendants in error Vogts, being the owners of certain real estate with the improvements thereon, leased the same to the Texas Company, hereinafter mentioned as the garnishee or by name, for a term of five years commencing February 1, 1936, at a rental of fifty dollars per month. The judgment in question was entered in favor of Keck and against the Vogts, May 19, 1938, execution issued thereon July 25, 1938, and garnishee summons was served on the Texas Company July 29, 1938. The garnishee answered August 4, 1938, that it was the lessee of the property as above indicated; that while the lease did not stipulate that the monthly rental should be paid in advance, it had been its custom and practice to pay said rental on or before the 10th day of each month for the month in which the payment was made; that because of said summons the garnishee had not paid the rental for the month of August, 1938, or for any subsequent month. August 11, 1938, the Vogts executed a written assignment to I. D. Atkinson, the intervener, of all of their right, title and interest in said lease, together with the rentals due or to become due thereunder. A copy

of this assignment was delivered to the Texas Company the following day. August 30, 1938, the Texas Company filed a supplemental answer as garnishee, setting forth this assignment. No further payments of rent were made by the garnishee to the Vogts under the terms of the lease. After citation was issued by the court and served on Atkinson to appear and set forth his claims, he filed his petition in intervention July 3, 1939, in which he prays judgment for the rents due and payable under said lease which accrued after August 11, 1938. The trial court found that Atkinson was entitled to all rentals accruing after September 1, 1938, by virtue of the mentioned assignment, and that Keck was entitled to the sum of $50 only, that being the rental due August 10, 1938, for the current month that year.

Counsel for Keck, seeking a reversal of the judgment, advances the following contentions: (1) That the assignment from the Vogts to Atkinson is void for want of consideration; and (2) that the contingent interest in the lease and rentals due after September 1, 1938, was subject to the garnishment served on the Texas Company July 29, 1938.

■■ The record discloses that the consideration for the assignment was the surrender of two unpaid notes to the Vogts, which had been previously given by them to, and which were held by, Atkinson. The total amount of the principal of the notes was $1,050, the same being dated June 16, 1933, and August 5, 1934, respectively, interest thereon having been paid to June, 1936. These notes were introduced in evidence by the intervener and do not constitute a past consideration, as maintained by Keck. The trial court, in finding that the intervener was entitled to the rentals after September 1, 1938, by virtue of the assignment of August 11, 1938, impliedly found that there was a good consideration for the questioned assignment. While the court might properly have drawn other inferences from the evidence, as related to the bona fides of the assignment, there was sufficient

competent evidence to support its findings, and under these circumstances we are not at liberty to disturb them.

The contingent interest in the lease was the payment of rent under the lease when due after service of garnishee summons. Owing to the fact that the trial was not held until September, 1939, the rents were paid into court and accumulated until they reached the sum of $382, of which, as mentioned, $50 was ordered to be paid to Keck. Keck maintains that he is entitled to the entire amount, or sufficient to satisfy his judgment under the garnishee summons of July 29, 1938. Garnishment is not available to reach rents which are not yet due and payable, as the liability therefor still is contingent and not absolute. 28 C.J., p. 189, §231. A similar problem was before us in the case of *Green v. Green,* 108 Colo. 10, 113 P. (2d) 427, and we there held that the garnishee was not chargeable unless the judgment debtor could recover in his own name and for his own use that which the judgment creditor sought to secure by garnishment. Under the lease here the judgment creditor could not recover except as the monthly rent came due. It should be noted that the date of the garnishee summons is July 29, 1938. Rights and liabilities of the parties in garnishment proceedings are to be determined as of the date of the garnishment. *Green v. Green, supra.* The second contention of counsel for Keck is without merit.

The judgment is affirmed.

MR. JUSTICE BAKKE, MR. JUSTICE KNOUS and MR. JUSTICE HILLIARD concur.