## No. 27570

**In re: Joseph Robert Stone**
**Iva E. Olson v. Joseph Robert Stone**

(573 P.2d 98)

Decided December 27, 1977.

DeMuth & Eiberger, Kevin Haight, for plaintiff.

Sarney, Trattler & Waitkus, Saul R. Sarney, for defendant.

*En Banc.*

MR. JUSTICE KELLEY delivered the opinion of the Court.

■ This case is here for a determination of a question certified to us pursuant to C.A.R. 21.1 by the United States District Court for the District of Colorado. The question reads:

"Under Colorado Rule of Civil Procedure 103, and in particular, subsections (b), (j), (t) and (z) thereof, may the trial court, upon application by the judgment creditor, issue a writ in the nature of a continuing garnishment against an employer of the judgment debtor requiring the employer to pay into the Registry of the Court the appropriate portion of each regular paycheck or wage payment to the judgment debtor, as it becomes due, without the necessity of serving a separate Writ of Garnishment directed to each such wage payment?

"Alternatively stated, the question might be posed as follows: Where a judgment debtor receives payments of salary or wages at regular intervals from his employer, must a judgment creditor, in effecting execution of his judgment, undertake a separate garnishment procedure against each such regular payment of salary or wages, or may a Writ of Continuing Garnishment, containing appropriate instructions and safeguards for the interests of the judgment debtor, issue from the Trial Court in order to obviate the necessity of a series of individual garnishments against the same employer?"

We answer the question in the negative.

On March 24, 1976, the Bankruptcy Court of the United States District Court for the District of Colorado entered a default judgment in the amount of $16,168.10 against the defendant, Joseph R. Stone (hereinafter defendant). The United States District Court for the District of Colorado affirmed on appeal the judgment of the Bankruptcy Court and the denial of the defendant's motion to set aside the default judgment.[1]

Since the entry of the default judgment, the judgment creditor, Iva Olson (hereinafter, plaintiff), has sought to execute on the judgment by garnisheeing the defendant's wages. The defendant is employed by the police department of the City and County of Denver. He receives regular payments of salary on the 15th and the last day of each month. At the defendant's present salary level, application of the exemption formula required by 15 U.S.C. § 1673 and section 5-5-105, C.R.S. 1973, permits the

---

[1]The case is now before the United States Court of Appeals for the Tenth Circuit, pending action on appeal. Execution on the judgment has not been stayed because the defendant did not file a supersedeas bond as required by Fed. R. Civ. P. 69(a).

garnishment of $148.80 from each paycheck.

On November 24, 1976, the plaintiff filed a motion for an order granting a continual execution against the defendant's wages with the United States District Court.[2] The defendant filed a response in opposition to the plaintiff's motion. The United States District Court certified the question to this court pursuant to C.A.R. 21.1.

The answer requires the reconciliation of the apparent inconsistencies in C.R.C.P. 103(b)[3] and (t).[4] Subsection (b) permits the garnishment of an obligation before it becomes due; subsection (t) proscribes the *execution* on such garnishment until the obligation of the garnishee to the defendant becomes due in fact. The plaintiff contends that when these two subsections are read together, they permit the *garnishment* of salary payments before the payments become due, but prevent requiring the garnishee to make actual payment into the court registry until the wages are actually due and payable to the judgment debtor. Thus, it is argued that the judgment creditor is given an interest in a judgment debtor's regular salary payments analogous to a secured party's interest in after-acquired property.[5]

The plaintiff contends that such an interpretation is consistent with C.R.C.P. 103(z). Subsection (z) provides that "[t]he rights, remedy and proceedings of garnishment given by these rules to plaintiffs in attachment shall be available to judgment creditors *in aid of execution. . . .*" (emphasis added). The language "in aid of execution," coupled with the mandate for liberal construction of the Rules of Civil Prodedure, C.R.C.P. (1)(a), plaintiff argues, permit a continuing writ of garnishment. Such a writ, plaintiff urges, would mean substantial savings of time and expense to the court, the garnishee, the judgment creditor, and the judgment

---

[2]The plaintiff requested the court to issue an order:

"I. Directing that the execution heretofore obtained remain a lien and a continuing levy on wages, salary, earnings, etc., obtained by Defendant herein from the City and County of Denver;

"2. Directing the issuance of a Writ of Continuing Garnishment in the form attached hereto as Exhibit A, directed to garnishee City and County of Denver;

"3. Directing garnishee City and County of Denver to pay into the registry of this Court on a regular bi-monthly basis, until further order of this Court, an amount calculated in each instance according to the statutory formula contained in the Writ of Continuing Garnishment."

[3]C.R.C.P. 103(b) states:

"Any time after the issuance of a writ of attachment the plaintiff may have a writ of garnishment issue and, whether they are due at the time of the service of the writ or are to become due thereafter, attach the credits, effects, debts, choses in action, money, and other personal property of the defendant in the possession or control of any third person, as garnishee, for the security of any judgment the plaintiff may recover in such action against the defendant; provided that no garnishment shall issue for any sum less than the amount fixed by statute."

[4]C.R.C.P. 103(t) states:

"When judgment is rendered against any garnishee, and it shall appear that the debt from him to the defendant is not yet due, execution shall not issue until the debt shall have become due."

[5]*See* section 4-9-204(4), C.R.S. 1973, comment 3.

debtor. It is contended that the judgment debtor would benefit most because a continuing writ would significantly reduce the costs of execution for which he is liable.

While the plaintiff's arguments concerning efficiency and economy are intriguing, the weight of judicial authority in this state and in other jurisdictions does not support her position.

■ C.R.C.P. 103(j) provides for garnishment if "[t]he answer of the garnishee shows that he has *personal property* of any kind in his possession or under his control, *belonging to the defendant. . .*" and "[i]f the answer shows that the garnishee *is indebted* to the defendant. . . ." (emphasis added). It is well settled in this jurisdiction that garnishment is not available to reach debts that are not due and payable since the garnishee's liability is contingent. *Keck v. Vogt*, 108 Colo. 382, 117 P.2d 1005 (1941). In *Green v. Green*, 108 Colo. 10, 113 P.2d 427 (1941), we held that the judgment creditor could not garnish sums which the judgment debtor himself could not recover from the garnishee. *See also Bragdon v. Bradt*, 16 Colo. App. 65, 64 P. 248 (1901).

■ Future earnings are contingent because they depend upon future performance. The employee cannot sue his employer for wages due before the employee has fulfilled his employment contract. At that stage, prospective earnings are hypothetical. Thus, future wages cannot be said to be an indebtedness which is due. *See Watson v. Watson*, 424 F.Supp. 866 (E.D.N.C. 1976); *Chaachou v. Kulhanjian*, 104 So.2d 23 (Fla. 1958); *United States v. Williams*, 279 Md. 673, 370 A.2d 1134 (1977);[6] *Bendix v. Hoy*, 207 Md. 225, 114 A.2d 45 (1955); *Motor Finance Co. v. Putnam*, 229 N.C. 555, 50 S.E.2d 670 (1948); *see also* 6 Am.Jur.2d, *Attachment and Garnishment*, § 177 (1963).

■ Therefore, we hold that C.R.C.P. 103 does not allow continuing writs of garnishment.

MR. JUSTICE GROVES concurs in the result.

MR. JUSTICE CARRIGAN does not participate.

---

[6]In *United States v. Williams*, the United States District Court for the District of Maryland certified the following question to the Maryland Court of Appeals:
"[M]ust *separate* Writs of Attachment by way of garnishment *be filed each month* . . . in order to attach federal military retirement pay . . .?" (emphasis added).
The Maryland court answered in the affirmative.