**COLORADO STATE BANK OF WALSH, a Colorado Corporation, Plaintiff-Appellee,**

v.

**Sharon UTT, Defendant-Appellee,**

v.

**Darrel W. UTT, Defendant-Garnishee-Appellant.**

**No. 79CA1146.**

Colorado Court of Appeals.

Aug. 21, 1980.

Rehearing Denied Sept. 11, 1980.

Certiorari Denied Jan. 26, 1981.

No appearance for appellees.

Larry Stutler, Lamar, for defendant-garnishee-appellant.

KIRSHBAUM, Judge.

Defendant, Darrel W. Utt, appeals a judgment of the trial court awarding plaintiff, Colorado State Bank of Walsh (the Bank), $1,530 pursuant to a writ of garnishment served upon defendant pursuant to C.R.C.P. 103. We affirm.

The parties have stipulated that, pursuant to a stipulation entered in a 1978 divorce proceeding, defendant was required to pay his former wife the sum of $90 per month as child support; that on the date the writ of garnishment in this case was served on defendant he had made no child support payments to his former wife; and that on that date he was $1,530 in arrears for child support. Prior to commencing garnishment proceedings, the Bank had obtained a judgment against the former wife in excess of $1,530. The sole issue on appeal is whether the amount defendant admittedly owed for past due child support may be garnished by the Bank.

Defendant, relying upon *Green v. Green*, 108 Colo. 10, 113 P.2d 427 (1941), contends that he is not subject to garnishment proceedings because his former wife could not recover the $1,530 arrearage in her own name and for her own use. We disagree.

Past due child support payments in themselves constitute a debt. *Engleman v. Engleman*, 145 Colo. 299, 358 P.2d 864 (1961); *Carey v. Carey*, 29 Colo.App. 328, 486 P.2d 38 (1971). In *Green v. Green, supra,* trustees of a testamentary trust were held not subject to a writ of garnishment for funds that the trust beneficiary was not entitled to receive until some time in the future. Here the debt was past due, and defendant's former wife had the right to obtain the arrearages. *See Partridge v. Partridge*, Colo.App., 601 P.2d 662 (1979). While the minor child also has interests respecting the child support payments resulting from the dissolution proceedings, *see In re Marriage of Peper*, 38 Colo.App. 177, 554 P.2d 727 (1976), no injury to those interests has been asserted or established.

Defendant does assert that to permit the Bank to garnish him would defeat the purposes of the child support provisions of the Children's Code. However, § 14–10–115, C.R.S. 1973, is intended to ensure that a custodial parent receives sufficient funds from the noncustodial parent to permit the adequate support of any minor child of divorced parents. Having failed to comply with his obligations of support pursuant to said statute, defendant is in no position to justify his acts on the basis of public policy.

Judgment affirmed.

COYTE and VAN CISE, JJ., concur.