**GRAYBAR ELECTRIC CO., INC., a New York Corporation, Plaintiff-Appellee,**

v.

**WATKINS ELECTRIC CO., INC., a Colorado Corporation, Defendant,**

**Haselden Langley Constructors, Inc., a Colorado corporation, Garnishee-Defendant-Appellant.**

No. 80CA0584.

Colorado Court of Appeals, Div. I.

Dec. 26, 1980.

Rehearing Denied Jan. 29, 1981.

Certiorari Granted April 20, 1981.

Silver & Gelt, P.C., Joe L. Silver, Denver, for plaintiff-appellee.

O'Connor & Hannan, Martin M. Berliner, Jack M. Wesoky, Denver, for garnishee-defendant-appellant.

RULAND, Judge.

The defendant-garnishee, Langley Constructors, Inc., (Langley) appeals from an order of the trial court denying its motion

to vacate a judgment ordering it to pay plaintiff-garnishor, Graybar Electric Co., Inc., (Graybar) approximately $15,000. We affirm.

On January 23, 1980, Graybar obtained a summary judgment in the amount of $50,503.26 against the defendant, Watkins Electric Co. On February 1, 1980, the district court issued a writ of garnishment with interrogatories to Langley. Langley answered the interrogatories by stating that it was indebted to Watkins in the amount of $15,338.52, subject to the receipt of certain lien waivers.

On February 27, 1980, Graybar received information that there were additional funds held by Langley which would become due to Watkins, and therefore, a second writ of garnishment with interrogatories was served on Langley. This time, Langley answered by stating that it was not indebted to Watkins. Both sets of answers were filed with the district court.

On March 28, 1980, a garnishment judgment was entered in favor of Graybar based on answers to the first set of interrogatories, and on April 7, 1980, Langley received a notice to pay over the funds to Graybar. Shortly thereafter, Langley filed a motion to vacate the garnishment judgment on the grounds that, at the time the judgment was entered, the district court had before it two sets of interrogatories which contained conflicting responses. This motion was denied.

Langley first contends that the trial court erred in refusing to set aside the garnishment judgment, asserting that, because of the reference to lien waivers, the answers to the interrogatories did not contain the clear admission of a debt due as required by C.R.C.P. 103(j). This contention lacks merit.

 Even if we assume, *arguendo*, that the answers reflected a contingent obligation to pay, the garnishee was given the opportunity during the hearing on its motion to present evidence that it did not, in fact, owe any money to Watkins. However, Langley failed to establish that the lien waivers were not delivered. Hence, Langley cannot now contend that the obligation to pay was contingent. *See Hummel v. Skyline Dodge, Inc.*, 41 Colo.App. 572, 589 P.2d 73 (1978).

The garnishee next contends that because there were conflicting answers to garnishment interrogatories on file with the court, the garnishment judgment could not be entered on the strength of the answers alone, and that it was necessary for the court to conduct a hearing on the merits prior to entry of judgment. This contention also lacks merit.

 Generally, a writ of garnishment impounds all monies held by the garnishee and owing to the judgment debtor as of the date the writ is served. *See Bernhardt v. Commodity Option Co.*, 187 Colo. 89, 528 P.2d 919 (1974); *Keck v. Vogt*, 108 Colo. 382, 117 P.2d 1005 (1941). The fact that the garnishee denied any indebtedness under a second writ issued several weeks later does not raise an issue as to the validity of the first writ. *Cf. In Re Stone*, 194 Colo. 394, 573 P.2d 98 (1977).

We have considered Langley's other allegations of error and find them to be without merit.

Graybar has petitioned this court under C.A.R. 38 for an award of attorney's fees. Based on our review of the record and the legal issues involved, we decline to find that the appeal was frivolous within the meaning of C.A.R. 38.

Judgment affirmed.

COYTE and PIERCE, JJ., concur.