**HASELDEN LANGLEY CONSTRUCTORS, INC., A Colorado Corporation, Petitioner,**

v.

**GRAYBAR ELECTRIC COMPANY, A New York Corporation, Respondent,**

**and**

**Watkins Electric Company, A Colorado Corporation, Defendant.**

**No. 81SC71.**

Supreme Court of Colorado, En Banc.

April 25, 1983.

Rehearing Denied May 23, 1983.

O'Connor & Hannan, Patrick J. Canty, Jack M. Wesoky, Martin M. Berliner, Denver, for petitioner.

Silver and Gelt, Joe L. Silver, Silver & Mackie, Jack Silver, Denver, for respondent.

HODGES, Chief Justice.

We granted certiorari to review *Graybar Electric Company v. Watkins Electric Company,* 626 P.2d 1157 (1980) in which the court of appeals affirmed a judgment of the trial court against a garnishee, Haselden Langley Constructors (Haselden). We reverse and return to the court of appeals for

remand to the trial court for an evidentiary hearing on the garnishee's liability to the judgment debtor.

Graybar Electric Company (Graybar) obtained a judgment for $50,503.26 against Watkins Electric Company (Watkins). In an attempt to satisfy this judgment, Graybar commenced garnishment proceedings against Haselden, who was one of Watkins' debtors. Watkins had performed some electrical work on one of Haselden's construction projects and the parties' contract obligated Haselden to pay for these services upon receipt of certain lien waivers from Watkins. Consequently, when Haselden was served with Graybar's writ of garnishment, it answered the attached interrogatories as follows:

"1. On the date and time this Writ of Garnishment was served upon you, were you indebted to the above named judgment debtor for wages, commissions, moneys or credits? Yes_X_ No___

If 'No' give reason: $15,338.52 subject to delivery of material and labor mechanic's lien waivers to our office."

Based on these responses, the trial court entered judgment against Haselden as garnishee in the amount of $15,338.52. Haselden filed a motion to vacate the judgment, claiming that because Watkins had not yet delivered the lien waivers, its $15,338 debt was still contingent. The trial court denied Haselden's motion and the court of appeals affirmed.

■ It is well-settled that a contingent liability is not garnishable. *Keck v. Vogt,* 108 Colo. 382, 117 P.2d 1005 (1941); *Green v. Green,* 108 Colo. 10, 113 P.2d 427 (1941); *In re Stone,* 194 Colo. 394, 573 P.2d 98 (1977). "[A] judgment creditor [cannot] garnish sums which the judgment debtor himself could not recover from the garnishee." *In re Stone, supra.* When a garnishee, as here, alleges a contingent liability in his answer to the writ of garnishment, the proper procedure to be followed is set forth in C.R.C.P. 103(m) and (n). Subsec-

tion (m) allows the garnishor to traverse the garnishee's answer and subsection (n) requires a trial on the issues framed. If the trial court determines that the liability of the garnishee is contingent, the garnishee must be released.

■ In the present case, Haselden's answer clearly specified that its indebtedness to Watkins was contingent upon the latter's delivery of certain lien waivers. No traverse was filed by the garnishor, Graybar, but nevertheless the trial court summarily entered a judgment against Haselden without any inquiry into the contingent nature of its liability.

The court of appeals affirmed the judgment of the trial court on the ground that the hearing on Haselden's motion to vacate the judgment satisfied the requirements of C.R.C.P. 103(n) and since Haselden failed to establish at this hearing that its liability was contingent, it was subject to the judgment. We disagree. At the hearing on its motion to vacate, Haselden was only seeking to establish its right to a trial on the issue framed by its answer to the writ of garnishment. The underlying contingency issue was therefore not addressed at this hearing.

Our decision in *Rockey v. McCauley,* 148 Colo. 331, 366 P.2d 138 (1961), is controlling in the present case. Garnishee McCauley alleged in his answer the ownership of two judgments against the debtor and the right to set them off against his indebtedness. The garnishor filed a traverse claiming that the garnishee did not in fact own the two judgments as alleged. The garnishee then filed a motion to quash the traverse and the trial court, *without taking any evidence,* granted the motion as a matter of law. We reversed, stating as follows:

"Rockey alleged in his traverse that at the time the garnishee summons was served, McCauley was not the owner and holder of the judgments which he claimed as set-offs. Rockey was *entitled* to present evidence in support of that alle-

gation and it was error to deny him that right.

\*     \*     \*     \*     \*     \*

McCauley correctly points out that in Colorado an assignee for collection may bring suit. He does this, anticipating that upon trial of the issues the evidence presented by Rockey will show that McCauley was an assignee for collection on the date of the service of the garnishee summons. It may be that counsel is correct and that the evidence upon the trial will show exactly what counsel says it will, but *we cannot indulge that assumption here. Rockey is entitled to present his evidence, and to have the matter determined upon such evidence, rather than upon speculation as to what it may show*." (Emphasis added).

The judgment of the court of appeals is reversed and this cause is returned to the court of appeals for remand to the trial court with instructions to conduct further proceedings as herein outlined.