**Marvin MARTINEZ, Plaintiff-Appellee,**

v.

**Gerald DIXON and Stephen (Skip) Boruchin, Defendants-Appellants.**

**No. 84CA1199.**

Colorado Court of Appeals, Div. I.

Oct. 31, 1985.

on it by complaint filed November 22, 1982. Although Dixon was duly served with summons and complaint, he failed to file an answer or otherwise respond. Subsequently, a default judgment was obtained by Martinez on March 4, 1983. Dixon received notice of the default judgment by letter dated March 14, 1983.

On December 12, 1983, Martinez served a writ of garnishment on Raymond Cote (Cote), who on October 24, 1983, had become a judgment debtor of Dixon in Eagle County District Court. When the writ was served, Cote's motion for new trial was pending. However, there was no stay in effect at that time. The motion for new trial was denied on March 5, 1984, and no appeal was taken.

Cote's answer to the interrogatories accompanying the writ of garnishment was filed June 28, 1984, and stated that, on December 12, 1983, Cote owed Dixon the full amount of the Eagle County judgment. Meanwhile, Dixon had assigned the judgment to Boruchin on December 16, 1983. When Dixon received notice of levy and seizure on July 12, 1984, he filed motions to vacate Martinez' judgment and to quash the writ of garnishment.

Swartz & Gruskin, Jeanne M. Cochran, Lawrence B. Swartz, Denver, for plaintiff-appellee.

Fredric Butler, Eagle, for defendants-appellants.

BABCOCK, Judge.

Defendants, Gerald Dixon (Dixon) and Stephan Boruchin (Boruchin), appeal the denial of their motions to vacate a default judgment and to quash a writ of garnishment. We affirm.

On July 1, 1980, Dixon executed a promissory note in favor of plaintiff, Marvin Martinez, which was due and payable on January 1, 1981. The note was not paid when due, and Martinez sought judgment

## I.

Dixon first contends that the trial court abused its discretion in denying the motion to vacate the judgment. He argues that a default judgment can be collaterally attacked at any time if it is void for failure to follow the procedural requirements of C.R. C.P. 121, or if an extrinsic fraud was perpetrated on the court by the plaintiff. We find no error.

Regardless of the possible merits of a defendant's motion to vacate a judgment, the clear language of C.R.C.P. 60(b) requires that the motion must be filed within six months of the judgment if it alleges fraud, or within a reasonable time if it alleges that the judgment is void. C.R.C.P. 60(b)(2) and (3).

Where the moving party has delayed substantially in seeking to set aside a default judgment, relief is disfavored by the courts. *Craig v. Rider,* 651 P.2d 397 (Colo.1982). Strict adherence to the six months limitation is required where the motion alleges fraud. *Atlas Construction Co. v. District Court,* 197 Colo. 66, 589 P.2d 953 (1979). Further, since Dixon had notice of the judgment shortly after it was entered, a delay of nearly sixteen months is not a reasonable time where the motion alleges that the judgment is void. *See Ehrlinger v. Parker,* 137 Colo. 514, 327 P.2d 267 (1958); *Riss v. Air Rental, Inc.,* 136 Colo. 216, 315 P.2d 820 (1957). Accordingly, the trial court did not err in denying the motion to vacate the default judgment. *See Atlas Construction Co. v. District Court, supra; Ehrlinger v. Parker, supra.*

## II.

Dixon next contends that the trial court erred in failing to quash the writ of garnishment. He argues that Cote, in his answer to the interrogatories, misrepresented the amount of his debt owed to Dixon on December 12, 1983, because the Eagle County District Court had not yet ruled on Cote's motion for new trial in which he alleged that he did not owe Dixon the full amount of the judgment. Further, he argues that Cote's answer to the interrogatories was untimely and that Martinez should therefore be estopped to assert Cote's debt because of Dixon's intervening good faith assignment to Boruchin. We disagree.

The trial court obtained jurisdiction over Cote and all monies held by him which were owing to Dixon on the date of the service of the writ of garnishment. *See* C.R.C.P. 103(f); *Graybar Electric Co. v. Watkins Electric Co.,* 626 P.2d 1157 (Colo. App.1980), *rev'd on other grounds sub nom., Haselden Langley Constructors, Inc. v. Graybar Electric Co.,* 662 P.2d 1064 (Colo.1983).

As to what monies were owing, C.R.C.P. 103(b) states that a judgment creditor may garnish any "indebtedness owed and payable to the [judgment] debtor by the garnishee, or owed to the [judgment] debtor by the garnishee and payable in the future." If the debtor could bring an immediate action to recover the debt from the garnishee, then the debt is due and payable within the meaning of the section. *See Haselden Langley Constructors, Inc. v. Graybar Electric Co., supra; Green v. Green,* 108 Colo. 10, 113 P.2d 427 (1941).

Here, at the time the writ of garnishment was served on Cote, a stay of execution had not been entered and therefore, Dixon was entitled to execution on the judgment even though a motion for new trial was pending. *See Oman v. Morris,* 28 Colo.App. 124, 471 P.2d 430 (1970). In fact, the record reflects that Dixon was at that very time proceeding with execution on the judgment. Because Dixon could execute on the judgment, it was garnishable by Martinez, and the trial court properly took jurisdiction over the debt. Thus, Cote's statement in his answer that he owed the total amount of the debt on December 12, 1983, was correct.

Regarding the timeliness of Cote's answer, there is no outside time limit imposed by C.R.C.P. 103 for the garnishee to answer the interrogatories accompanying the writ of execution. C.R.C.P. 103 merely provides the garnishor with the right to obtain an entry of default against the garnishee if the garnishee does not answer within the time period specified in the writ. *See* C.R.C.P. 103(j). There is no requirement that the garnishor exercise that right. Therefore, Cote's answer was not untimely.

Moreover, estoppel is inapplicable here. Dixon's assignment to Boruchin occurred within four days of the date the writ of garnishment was served on Cote. Therefore, the assignment could not have been made in reliance on any delay by Cote in filing his answer to the interrogatories. Further, as discussed above, Dixon's assignable interest in the debt on the date of his assignment was already subject to the jurisdiction of the trial court pursuant to the garnishment proceedings.

Dixon's remaining contentions are without merit.

## III.

Boruchin's contention that the trial court erred in not adjudicating his interest in the garnished funds is without merit. Boruchin, as the assignee of Dixon, could take no greater interest than his assignor had at the time of the assignment. *See Howard v. Fisher*, 86 Colo. 493, 283 P. 1042 (1929). Since Dixon's interest in the garnished funds was fully decided by the trial court, Boruchin's interest was thereby determined, *see* C.R.C.P. 58, and it was unnecessary for the trial court to make separate findings or conclusions of law in order to dispose of Boruchin's response.

## IV.

Regarding Martinez' request for relief under C.A.R. 38(d) on the basis that Dixon's and Boruchin's appeal is frivolous, we cannot conclude that Dixon and Boruchin presented no rational arguments based on the record, and therefore, do not find their appeal to be frivolous. *See Mission Denver Co. v. Pierson*, 674 P.2d 363 (Colo. 1984).

Judgment affirmed.

PIERCE and KELLY, JJ., concur.