**Rick A. HALL, Plaintiff–Appellant,**

v.

**Martha J. HALL–STRADLEY, Defendant–Appellee.**

**No. 88CA0431.**

Colorado Court of Appeals, Div. III.

June 15, 1989.

Rick A. Hall, pro se.

Arthur Bosworth & Associates, P.C., Robert L. Clinton, Denver, for defendant-appellee.

NEY, Judge.

In this garnishment proceeding, plaintiff, Rick A. Hall, appeals the trial court's order granting the claim of exemption of defendant, Martha J. Hall–Stradley. We affirm.

Hall sued his former wife, Hall–Stradley (mother), her present spouse, and her former attorney, for outrageous conduct arising from violations of Hall's visitation rights with his two minor children. A jury returned a verdict in favor of Hall and against all three defendants, and awarded Hall compensatory and punitive damages in excess of $135,000.

Thereafter, Hall levied a garnishment upon himself to, in effect, set off child support arrearages which he owed under the terms of the parties' dissolution decree against the personal judgment he had obtained against the mother. The mother filed a written claim of exemption, and testified at the subsequent hearing that the pending garnishment would leave her without sufficient funds to provide adequately for the children. The trial court allowed the exemption, and this appeal followed.

Hall contends that the trial court erred in allowing an exemption not specifically authorized by statute. We disagree.

We assume, without deciding, that Hall can levy a garnishment upon himself. Section 13–54.5–103(3), C.R.S. (1987 Repl. Vol. 6A) provides that:

"Notwithstanding the provisions of subsections (1) and (2) of this section, the exemptions from garnishment required or *allowed by law* including *but not limited to* exemptions provided by sections 13–54–102 and 13–54–104 and 15 U.S.C. sec. 1671 et seq., shall apply to all garnishments." (emphasis added)

The emphasized language indicates that the exemptions from garnishment are not

strictly limited to those provided by statute.

Courts in other jurisdictions have ruled that spousal maintenance and child support may be exempted from garnishment on grounds of public policy, particularly if, as here, the purpose of the underlying debt is unrelated to the necessary support of the minor children. *See Columbus Personnel Service v. Gachette,* 158 Ga. App. 298, 279 S.E.2d 746 (1981); *Bosch v. Bosch,* 197 N.W.2d 673 (N.D.1972); *Ryan v. Ryan,* 271 Ala. 243, 123 So.2d 102 (1960); *Romaine v. Chauncey,* 129 N.Y. 566, 29 N.E. 826 (1892).

Hall's reliance on *Colorado State Bank v. Utt,* 622 P.2d 584 (Colo.App.1980) is misplaced. In *Utt* no injury to the children was asserted or established. Nor did *Utt* deal with a parent attempting to set off his child support obligations against a personal debt of the custodial parent. *Utt,* however, affirms the public policy concept that minor children have a beneficial interest in child support payments. *See In re Marriage of Peper,* 38 Colo.App. 177, 554 P.2d 727 (1976).

The right to support belongs to the child, *McQuade v. McQuade,* 145 Colo. 218, 358 P.2d 470 (1960), and this right cannot be altered even by agreement of the parties without approval of the court. *Wright v. Wright,* 182 Colo. 425, 514 P.2d 73 (1973). It therefore follows that the beneficial owner of the child support payments is the child, not the custodial parent. *See Zimmerman v. Starnes,* 35 B.R. 1018 (Bankr. D.Colo.1984).

We conclude that a parent who owes a duty of child support may not offset that obligation against a personal judgment that parent may have against the custodial parent.

The order is affirmed.

CRISWELL and RULAND, JJ., concur.