William H. SHAWN, Plaintiff–Appellee,

v.

1776 CORPORATION and James F. Digby, an individual, Defendants,

and

VTCC, Inc., d/b/a Volvo White Truck Credit Corp., Inc., Garnishee–Appellant.

No. 88CA0711.

Colorado Court of Appeals, Div. V.

Sept. 14, 1989.

Rehearing Denied Oct. 12, 1989.

Certiorari Denied Feb. 12, 1990.

**184**

Tobery & Pelz, P.C., Jeffrey A. Knoll and Cyndi L. Lyden, Denver, for plaintiff-appellee.

Gorsuch, Kirgis, Campbell, Walker & Grover, John S. Pfeiffer, Mary E. Walta and Phillis R. Morgan, Denver, for garnishee-appellant.

No appearance for defendants.

Opinion by Judge REED.

The garnishee, VTCC, Inc., appeals from the order of the trial court which sustained the traverse of garnishment filed by the plaintiff, William H. Shawn. We affirm.

On November 5, 1987, in a separate lawsuit, judgments were entered in favor of 1776 Corporation and James F. Digby (the defendants here) and against VTCC, Inc. By court orders in that proceeding, execution upon those judgments was stayed pending determination of post-trial motions and, after denial of those motions, upon the filing of a supersedeas bond, pending appeal.

On January 8, 1988, Shawn recovered a judgment in this proceeding against 1776 Corporation and Digby. Upon expiration of the automatic stay of execution under C.R.C.P. 62, and there being no further stay of execution on Shawn's judgment, writs of garnishment were served by him upon VTCC. VTCC, in its answers to the garnishments, denied that any debt was owed to the defendants because there was a stay of execution upon the judgments entered against it in 1987.

Shawn traversed the garnishee's answer. After hearing, the trial court sustained the traverse. The court refused to discharge the writ of garnishment filed by Shawn. However, it stayed further garnishment proceedings until the judgments against VTCC were released from the stays of execution.

## I.

VTCC contends that the trial court erred in not discharging the writs of garnishment. It contends that because of the stay of execution, there was no debt owing to the judgment creditor at the time of the service of the writs of garnishment. We disagree.

A writ of garnishment under C.R. C.P. 103 § 4 is a procedure through which property of, or debts owed to, a judgment debtor other than a natural person, in possession or control of a garnishee at the time of garnishment are required to be held by the garnishee subject to orders of the court. A debt which has been reduced to judgment is within the purview of garnishment proceedings. *See Martinez v. Dixon,* 710 P.2d 498 (Colo.App.1985). And, since a judgment is presumed valid until reversed, the fact that the judgment is under appeal does not, per se, invalidate it. *Zurich Insurance Co. v. Bonebrake,* 137 Colo. 37, 320 P.2d 975 (1958).

We agree with the garnishee that contingent liabilities are not subject to garnishment. *Haselden Langley Constructors, Inc. v. Graybar Electric Co.,* 662 P.2d 1064 (Colo.1983). We disagree, however, that pending appellate review converts a judgment either to a contingent liability or to a debt that becomes due in the future. *See Zurich Insurance Co. v. Bonebrake, supra.*

## II.

In the event that a garnishee possesses or controls personal property owned by or owed to the judgment debtor, C.R. C.P. 103 § 4(f)(2) expressly authorizes the trial court to "enter any orders necessary to protect the interests of the parties." Here, the trial court, in sustaining the traverse, refused to dismiss the writs of garnishment but, rather, stayed further garnishment proceedings until the garnished judgments were no longer subject to stays of execution.

Asserting that the rights and liabilities of the garnishee must be determined as of the date the writ is issued, VTCC argues that entry of this order was error. We conclude that this order was proper.

We find no Colorado authority directly in point. The garnishee's reliance upon *Martinez v. Dixon, supra,* is misplaced inasmuch as that decision did not involve the type of order entered by the trial court here.

Other jurisdictions are divided in their treatment of the issue. We conclude that the better view is expressed in *Florida Steel Corp. v. A.G. Spanos Enterprises, Inc.,* 332 So.2d 663 (Fla.App.1976), which specifically approves the procedure followed by the trial court here.

In this manner, both parties to a garnishment proceeding are fully protected. The garnishee has the benefit of pursuing appellate proceedings, and. in the event of reversal, the garnishment would be discharged. *Zurich Insurance Co. v. Bonebrake, supra.* If, however, the appeal is unsuccessful, the garnishor is placed in the position of the defendants in either collecting upon the judgment or upon the supersedeas bond. Further, he is protected by any priority that he may have by virtue of the time of the filing of his garnishment claim. Nor will be he be required constantly to monitor the outcome of the appeal to reinstitute garnishment proceedings.

We are not persuaded that the order of the court places the garnishee in any worse position than it already occupied, nor does it grant to Shawn any rights except to proceed further in the garnishment proceedings once the judgments, whatever they then may be, become subject to execution.

The garnishee's other contentions are without merit. Because the challenge to the garnishment is neither frivolous nor groundless, Shawn's request for attorney fees on appeal is denied.

Accordingly, the order of the trial court is affirmed.

METZGER and RULAND, JJ., concur.