Sandra R. KEMP, Plaintiff–Appellant,

v.

STATE BOARD OF AGRICULTURE and Colorado State University; Roselyn Keller, in her capacity as Conciliation Officer at Colorado State University; Dana Hiatt, in her capacity as Director of the Office of Equal Opportunity at Colorado State University; and Phillip Austin, in his capacity as President of Colorado State University, Defendants–Appellees.

Nos. 88CA0347, 88CA0899.

Colorado Court of Appeals, Div. II.

Nov. 2, 1989.

Rehearing Denied Nov. 24, 1989.

Certiorari Granted April 23, 1990.

Holland & Hart, A. Bruce Jones and Jay S. Jester, Denver, for plaintiff-appellant.

Hall & Evans, Daniel R. Satriana, Jr., Marlene T. Gresh and Sean R. Gallagher, and Duane Woodard, Atty. Gen., and Lee Combs, Asst. Atty. Gen., Denver, for defendants-appellees.

Opinion by Judge HUME.

Plaintiff, Sandra R. Kemp, appeals the judgment of the trial court dismissing her claims for damages brought against defendants, Colorado State Board of Agriculture, Colorado State University, Phillip Austin, Dana Hiatt, and Roselyn Keller. We affirm in part and reverse in part.

While employed by the university as an extension agent, plaintiff filed a formal grievance with the university accusing her supervisor and certain other employees of improper racial and sexual discrimination.

Under policies established by the university's Grievance Procedure for the Resolution of Complaints of Discrimination (Grievance Manual), upon the filing of a "formal complaint," the merits of the grievance are to be determined in formal, hearings to be conducted by, or at the direction of, the university. Such proceedings may be closed to the public and made subject to a rule of confidentiality at the request of the grievance complainant. The Grievance Manual further provides that upon filing a formal complaint, the complainant is prohibited from pursuing alternative remedies involving other agencies, including the invocation of court proceedings during the pendency of the grievance process. *See* Grievance Manual § IV B.

In conformity with its Grievance Manual and upon plaintiff's request, the university scheduled and held a formal, closed hearing to determine the merits of plaintiff's grievance. Following the hearing, but before a decision had been reached, plaintiff's husband, with plaintiff's knowledge, approval, and assistance, wrote to United States Senator William Armstrong asking the senator to assist his wife in maintaining her employment, and to complain of perceived "irregularities" which allegedly had occurred during the hearing. The letter also invited Senator Armstrong to request, at his discretion, an investigation by the United States Attorney's office into civil rights violations allegedly perpetrated by the university.

When the senator made inquiry of the university, the latter notified plaintiff that

her grievance proceedings had been rendered void because she had breached the Grievance Manual's requirements of confidentiality and exclusivity. The internal grievance proceedings were then terminated, and no determination was made upon the merits of plaintiff's grievance.

After unsuccessfully appealing the termination of her grievance proceeding to the university's president, plaintiff commenced this action in the state district court under 42 U.S.C. § 1983 (1982). In her complaint, plaintiff requested damages and injunctive and declaratory relief, claiming that the university's termination of her grievance proceeding violated her right to free speech, her right to petition, and to due process of law.

The district court granted defendants' motion for summary judgment, dismissed plaintiff's claims, and later awarded attorney fees to defendants pursuant to § 13-17-101, et seq., C.R.S. (1987 Repl.Vol. 6A). From that judgment, plaintiff appeals.

## I.

■ Plaintiff contends that, by voiding the grievance proceedings solely on the basis of her letter to Senator Armstrong, her First Amendment right to free speech was denied. We disagree.

The question of whether the words of a governmental employee are constitutionally protected speech entails striking a balance between the employee's interest, as a citizen, in commenting upon matters of public concern, and the state's interest, as an employer, in promoting the efficiency of the public services it performs through its employees. *See Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968). Whether an employee's speech addresses a matter of public concern must be determined by the content, form, and context of a given statement, as revealed by the whole record. *See Connick v. Myers*, 461 U.S. 138, 103 S.Ct. 1684, 75 L.Ed.2d 708 (1983).

Here, the letter to Senator Armstrong focuses on plaintiff's concerns about irregularities in her own hearing, rather than seeking to alert the senator or the public to broader discriminatory problems at the university. Further, the irregularities listed by plaintiff in her deposition were concerns of a personal nature related to the conduct of her grievance hearing, rather than broader community concerns.

We conclude that the speech at issue was not a matter of public concern rising to the level of constitutionally protected expression that entitled plaintiff to a remedy under § 1983. Therefore, because plaintiff's speech is not a matter of public concern, we are not required to balance her interests against those of the state. *See Pickering v. Board of Education, supra. Connick v. Myers, supra.*

■ Plaintiff further contends that defendants denied her First Amendment right to "petition the government for redress of grievances." We disagree.

Here, plaintiff requested a formal, closed hearing to review her discrimination claims. Under the university's Grievance Manual § IV B, plaintiff was precluded from pursuing other remedies only during the pendency of those proceedings. Thus, plaintiff retained her constitutional right to petition for a redress of grievances after the close of her formal hearing.

Here, by contacting the senator prior to the conclusion of the proceeding, plaintiff was not seeking redress of grievances concerning the alleged discriminatory practices, but rather, was inviting interference with and seeking to influence the result of a proceeding already in progress. Therefore, we conclude that plaintiff's First Amendment right to petition was not denied.

## II.

Plaintiff contends she is entitled to a non-statutory cause of action for damages resulting from a violation of her state constitutional rights to free speech and petition. We disagree.

This court has adopted the standards set forth in *Pickering v. Board of Education, supra,* and *Connick v. Myers, supra,* for

determining whether the words of a governmental employee are constitutionally protected speech under Colo. Const. art. II, § 10. *Lockhart v. Board of Education,* 735 P.2d 913 (Colo.App.1986).

Plaintiff does not contend on appeal that the state right to petition is broader or confers greater rights than those established by the First Amendment. And, in our view, the language granting the right to petition for a redress of grievances under Colo. Const. art. II, § 24, is not significantly broader than that contained in the First Amendment. Since we have determined plaintiff's claims asserted under the United States Constitution to be without substantive merit, and since her state constitutional rights have not been shown to be broader than her First Amendment rights, we decline to consider whether a non-statutory remedy to vindicate such rights exists in Colorado.

### III.

It should be noted that during the pendency of this appeal, the United States Supreme Court decided *Will v. Michigan Department of State Police,* 491 U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Since we have determined that plaintiff's claims were properly dismissed for lack of substantive merit, we need not address the impact of *Will* upon this case. Hence, we do not determine the issues addressed in the supplemental briefs.

### IV.

Plaintiff contends that the trial court lacked jurisdiction to award attorney fees and that, even if the court had proper jurisdiction, it erred in awarding such fees pursuant to defendants' motion. We agree that the court erred in determining that plaintiff's action was groundless and, therefore, decline to address plaintiff's jurisdictional contention.

Section 13–17–101, et seq., C.R.S. (1988 Repl.Vol. 6A) provide the basis for awarding attorney fees when a substantially frivolous or groundless action is brought or maintained.

A claim is frivolous if the proponent can present no rational argument based on the evidence or law in support of that claim. This test does not apply to a meritorious action that proves unsuccessful, a legitimate attempt to establish a new theory of law, or a good-faith effort to extend, modify, or reverse existing law. *In re Application of Talco, Ltd,* 769 P.2d 468 (Colo. 1989). *See also Western United Realty v. Isaacs,* 679 P.2d 1063 (Colo.1984).

A claim is groundless if the allegations in the complaint, while sufficient to survive a motion to dismiss, are not supported by any credible evidence at trial. *In re Application of Talco, Ltd; Western United Realty, supra.*

Here, plaintiff's claims were based largely upon federal case law, and involved novel questions of law upon which there was no determinative authority in Colorado. Furthermore, plaintiff's letter, taken in a light most favorable to her, contains some language that, taken alone, arguably supported her claims. Therefore, while we agree with the trial court's rejection of plaintiff's claims, we cannot conclude that the assertion of those claims was either substantially frivolous or substantially groundless. Thus, the award of attorney fees in favor of defendants cannot stand.

The part of the judgment dismissing plaintiff's complaint is affirmed. The part of the judgment awarding attorney fees to defendants is reversed.

SMITH and PLANK, JJ., concur.