Scott Alan **LITTLE** and Kimberly Joy Little and Stephen H. Cook, Plaintiffs–Appellants,

v.

Robert **FELLMAN**, Defendant–Appellee.

No. 90CA1416.

Colorado Court of Appeals, Div. V.

Dec. 19, 1991.

As Modified on Denial of Rehearing Feb. 20, 1992.

Certiorari Denied Sept. 21, 1992.

Bragg, Baker & Cederberg, Patrick L. Burke, Boulder, for plaintiffs-appellants.

Walberg & Dagner, P.C., Wendelyn K. Walberg, Englewood, for defendant-appellee.

Opinion by Chief Judge STERNBERG.

The plaintiffs, Scott Alan and Kimberly Joy Little, and their attorney, Stephen H. Cook, appeal two district court orders requiring Cook to pay attorney fees of $7,500 and $4,235.37 to the defendant, Robert Fellman, pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A). The fees were awarded on the grounds that the plaintiffs' claims against Fellman lacked substantial justification. We affirm the award of $7,500 for Fellman's attorney fees incurred in defending plaintiffs' claims against him.

However, we reverse the award of $4,235.37, and we remand to the trial court for an evidentiary hearing to determine whether Cook's defense of the motion for attorney fees lacked substantial justification and, if so, on the amount and reasonableness of the fees awarded in the second order.

On a spring evening in 1986 four teenagers left a high school graduation party in order to purchase beer and wine coolers. Using pooled funds, the oldest of the teenagers, an eighteen-year-old girl, made the purchases at a convenience store. While driving back to the party, the driver did not stop at a stop sign and ran into a police car being driven by deputy sheriff Scott Little. Little was severely injured.

Shortly after the accident, attorney Cook, on behalf of the Littles, filed suit against the seventeen-year-old driver and others, including Fellman, a rear seat passenger. The suit was premised on theories of joint venture and civil conspiracy.

No further activity occurred until almost a year later when the plaintiffs requested the court to set trial. Six months before the trial, in March 1989, Fellman filed a motion for summary judgment. The plaintiffs were granted two extensions to conduct discovery, after which they withdrew their joint venture claim. However, they added a claim founded on a theory of "substantial assistance and encouragement."

The plaintiffs opposed Fellman's summary judgment motion on the basis that there was evidence to suggest that the driver's drinking caused or contributed to the collision and that such evidence could lead a trier of fact to find Fellman vicariously liable under a theory of civil conspiracy.

At the time he filed suit, Cook was aware of a test report showing no trace of alcohol in the driver's blood. Nevertheless, in contesting the summary judgment motion, he argued that the following factors gave rise to an inference that the driver was under the influence at the time of the accident: 1) the driver admitted to having one beer before leaving the party; 2) the driver was exceeding the speed limit and ran a large stop sign with a flashing red light on top; 3) the driver claimed his brakes failed, but there was no physical evidence to support his statement; 4) a witness indicated the driver was in "a state of shock" after the accident; 5) a paramedic detected alcohol on the driver's breath; and 6) although the blood alcohol tests were negative, such tests are not conclusive evidence.

In August 1989, the trial court granted Fellman's motion for summary judgment, finding no evidence that the alleged conspiracy to purchase alcohol unlawfully was a substantial factor in causing the harm to the plaintiff. The court noted that tests administered three hours after the accident, showing no trace of alcohol in the driver's blood substantiated his testimony that he did not consume the unlawfully purchased alcohol prior to the accident. The court further noted that Fellman was not aware that the driver had consumed alcohol at any time prior to the accident and that Fellman also had negative blood tests. It found that the factors Cook believed gave rise to an inference that alcohol contributed to the accident were no more than unsubstantiated challenges to Fellman's evidence.

The court concluded that the proximate cause of Little's injuries was the driver's negligence in failing to yield the right of way and that this negligence was not a part of the conspiracy to purchase alcohol unlawfully. In addition, it found that the plaintiffs had not presented evidence to substantiate their theory of substantial assistance and encouragement.

In a motion for reconsideration, the plaintiffs repeated their assertion that there was both direct and circumstantial evidence that the driver had been drinking before the collision. They also argued, for the first time, that their theory of civil conspiracy did not require proof that the accident resulted from the driver's consumption of alcohol. According to the plaintiffs, it was sufficient that the accident occurred while the teenagers were returning to the party, because this was conduct "in furtherance" of their conspiracy to purchase alcohol unlawfully.

The court denied this motion without comment in September 1989. Although they subsequently negotiated settlements with the remaining parties, the plaintiffs did not appeal the ruling on summary judgment in favor of Fellman.

In October 1989, Fellman requested costs and attorney fees under § 13–17–101, et seq., C.R.S. (1987 Repl.Vol. 6A) on the grounds that the plaintiffs' claims against him lacked substantial justification. Specifically, Fellman asserted that, when their complaint was filed, the plaintiffs knew or should have known that the driver's blood alcohol tests were negative and that the investigating officer found no evidence that alcohol contributed to the accident. He further alleged that, even after conducting extensive discovery, the plaintiffs had not produced any evidence that would establish a causal link between the unlawfully purchased alcohol and Little's damages. Fellman subsequently clarified this motion to indicate that he was seeking recovery only from attorney Cook.

A hearing on Fellman's motion for attorney fees was held before the same court which previously granted his motion for summary judgment. In addition to the material which he had provided to the court in support of that motion, Fellman submitted a report containing the results of the blood alcohol tests. Cook stipulated that this report was available to him before he filed suit.

At this hearing, Cook testified concerning the factors he believed gave rise to an inference that the driver's ability was impaired by alcohol consumption. He also stated that he had decided to focus on his alternative "in furtherance" theory because the court had declined to infer any driver impairment when it granted Fellman's motion for summary judgment.

The court again concluded that the factors upon which Cook relied to suggest the driver was under the influence of alcohol were no more than unsubstantiated challenges to the evidence submitted by Fellman. It also observed that the "in furtherance" theory appeared to have been developed primarily in anticipation of the hearing on attorney's fees and that Cook's expert's opinion regarding this theory was unsupported by case law. Applying the statutory standard of § 13–17–102, C.R.S. (1987 Repl.Vol. 6A), the court ruled that Fellman had proved that the plaintiffs' case against him lacked substantial justification.

Although Fellman requested fees in the amount of $9,306, the court entered judgment against Cook for $7,500. However, it permitted Fellman to submit a post-hearing motion and affidavit concerning fees incurred in proving the attorney fees claim.

Cook objected to Fellman's motion for additional attorney fees and made specific objections to certain hourly charges. Nevertheless, without further hearings, the court awarded Fellman an additional $4,235.37. This appeal followed.

## I.

■ Cook first contends that the trial court applied the wrong standard of proof in determining whether to award attorney fees. He argues that the court should have awarded attorney fees only if it found there was no rational argument to support his civil conspiracy claim. While we agree that this standard applies, we nevertheless affirm the trial court's award of $7,500 because the record shows Fellman met this standard of proof.

■ In *Western United Realty, Inc. v. Isaacs*, 679 P.2d 1063 (Colo.1984), the supreme court held that a claim or defense was frivolous if the proponent could present "no rational argument based on the evidence or law in support of that claim or defense." It further held that a claim or defense was groundless "if the allegations in the complaint, while sufficient to survive a motion to dismiss for failure to state a claim, are not supported by any credible evidence at trial."

*Western United* concerned a version of the statute in question that allowed attorney fees to be awarded if an action was "frivolous or groundless." But, in 1989, the statute was amended to permit an award of attorney fees when an action lacks substantial justification, which was

defined as "substantially frivolous, substantially groundless, or substantially vexatious." Section 13–17–102(6) C.R.S. (1987 Repl.Vol. 6A).

In amending the statute, the General Assembly declared:

The general assembly recognizes that courts of record of this state have become increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice. In response to this problem, the general assembly hereby sets forth the provision for the recovery of attorney fees in courts of record when the bringing or defense of an action, or part thereof ... is determined to have been *substantially* frivolous, *substantially* groundless, or *substantially* vexations. (emphasis added)

Section 13–17–101, C.R.S. (1987 Repl.Vol. 6A).

Nevertheless, the supreme court has not promulgated a precise definition of "substantially frivolous" and "substantially groundless," but it has stated that these terms are "no more demanding standards than 'groundless' and 'frivolous' as defined in *Western United Realty.*" *In re Application of Talco, Ltd.*, 769 P.2d 468 (Colo. 1989). Therefore we will follow the "no rational argument" test of *Western United* and, in our view, the definitions of the terms "frivolous" and "groundless" also remain viable.

■ We recognize the tension that exists between the statute at issue and the Code of Professional Responsibility Canon 7 which requires lawyers to represent their clients zealously. *See Foley v. Phase One Development Co. of Colorado*, 775 P.2d 86 (Colo.App.1989). In balancing that duty against the legislative response to the problem of increasing litigation, we adopt a case by case approach.

■ Here, we conclude that Cook lacked substantial justification to bring this action. Because there was no rational basis in the law or evidence to support his claim of civil conspiracy, the claim was substantially frivolous.

■ For a plaintiff to be entitled to recover damages for a civil conspiracy there must be 1) two or more persons; 2) an object to be accomplished; 3) an agreement on the object or course of action; 4) one or more unlawful overt acts; and 5) damages as the proximate result thereof. *Jet Courier Service, Inc. v. Mulei*, 771 P.2d 486 (Colo.1989). "The essence of a civil conspiracy claim is not the conspiracy itself, but the actual damages resulting from it." *Jet Courier Service, Inc. v. Mulei, supra.*

Although there is evidence to establish that the teenagers conspired to and did purchase alcohol unlawfully, there is no evidence to show that Little's damages were the proximate result of this conspiracy. The driver's negligence caused him to be liable for Little's damages. However, Cook has not established a nexus between the driver's negligence and the conspiracy to purchase alcohol illegally which is sufficient to impose vicarious liability on Fellman.

"Under Colorado law, an event is the proximate cause of another's damage if in the natural and probable sequence of things, it produced the claimed injury." *In re Swine Flu Immunization Products Liability Litigation*, 533 F.Supp. 567 (D.Colo.1980).

If the plaintiffs had presented evidence to suggest the accident was caused by the driver's consumption of the illegally purchased alcohol, they would have established an issue of proximate causation that would have constituted an arguably valid basis for their claim of civil conspiracy. Under such facts, a jury could find that the driver's negligence was a natural and probable result of his consuming the alcohol purchased in the course of the conspiracy. However, we agree with the trial court's determination that the factors which Cook argued gave rise to an inference that the driver was under the influence of alcohol were simply speculation and did not constitute evidence.

Moreover, assuming, without deciding, that Cook was entitled to raise his alternative "in furtherance" theory in his motion for reconsideration and in his defense of

Fellman's motion for attorney's fees, *see Schmidt v. Frankewich*, 819 P.2d 1074 (Colo.App.1991), we hold that, even under this theory, Cook's claim was substantially frivolous.

In essence, Cook's alternative argument, that the claim of civil conspiracy did not require proof that the accident resulted from the driver's consumption of alcohol, ignores the element of proximate cause necessary to a civil conspiracy claim. We do not agree with his contention that the mere act of returning to the party was "in furtherance" of the conspiracy and that, consequently, any damage resulting therefrom was sufficient to impose liability on Fellman as a participant in the conspiracy.

"Action of an individual which would cause him to be liable for damages, if acquiesced in by two or more others, and in which they co-operated, imposes on all who participated the obligation to respond in damages resulting from the consummation of the common design." *Pittman v. Larson Distributing Co.*, 724 P.2d 1379 (Colo. App.1986) quoting *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458 (1937).

Here, however, Cook has not shown that Fellman acquiesced in or cooperated with the driver in the negligent conduct which resulted in Little's damages. Nor has he shown that, absent consumption of alcohol, such negligence was in any way a foreseeable result of the teenagers' return to the party. Without such evidence, there is essentially no basis in law for imposing liability on Fellman.

*Lego v. Schmidt*, 805 P.2d 1119 (Colo. App.1990) does not require a different result. There, three distinct theories of liability were being argued, and the court found that at least some of them were supported by rational legal arguments.

Here, the evidence was insufficient to establish a nexus between the conspiracy and Cook's harm, and his alternative "in furtherance" theory lacked the element of proximate cause essential to civil conspiracy. Thus, neither of Cook's alternative theories of liability meet the *Western United Realty, Inc.* test of a rational argument based on the evidence or the law.

## II.

■ Cook also argues that, pursuant to § 13–17–102(7) C.R.S. (1987 Repl.Vol. 6A), fees should not be assessed because his claim was a good faith attempt to establish a new theory of law in Colorado. Several factors lead us to reject this contention.

Cook did not plead the "in furtherance" theory in his initial complaint, nor did he argue it in his brief opposing Fellman's motion for summary judgment. As the trial court noted, the argument that Fellman could be liable in the absence of proof of the driver's consumption of alcohol appeared for the first time in Cook's motion for reconsideration, and it was not actually asserted until the hearing on Fellman's motion for attorney's fees. Furthermore, Cook's failure to conduct discovery in the case for nearly two years is inconsistent with an effort to establish a new theory of law. Finally, Cook has presented no case law from any jurisdiction to support his position that proximate cause can be established if there is no evidence linking the unlawful conspiratorial act to the plaintiff's damages.

## III.

■ Cook next argues that the trial court's hearing on attorney fees was procedurally deficient. He contends that, because Fellman did not testify or call witnesses at the hearing and because the court relied primarily on the motions, briefs, and affidavits previously submitted regarding summary judgment, the plaintiff wrongly bore the burden of proving that his claim did not lack substantial justification. He further alleges that the court made its decision that the claims lacked substantial justification without reviewing the exhibit offered by Fellman containing the investigative report of the accident. Finally, he argues that the court erred in not conducting a hearing on Fellman's post-hearing motion for an additional $4,235.37 in fees incurred as a result of presenting the original motion for attorney fees. We agree with only his last contention.

## A. Fees Awarded for Defending the Suit

A party who successfully seeks summary judgment is not necessarily entitled to attorney fees. *Kemp v. State Board of Agriculture*, 790 P.2d 870 (Colo. App.1989), *aff'd on other grounds*, 803 P.2d 498 (Colo.1990). Also, a party seeking an award of attorney fees bears the burden of proving, by a preponderance of the evidence, his entitlement to an award. *Board of County Commissioners v. Auslaender*, 745 P.2d 999 (Colo.1987).

When fees are awarded pursuant to § 13–17–101, the record must reflect a hearing at which evidence is presented regarding the amount and reasonableness of the fees. *Pedlow v. Stamp*, 776 P.2d 382 (Colo.1989).

In *Hunter v. Colorado Mountain Junior College District*, 804 P.2d 277 (Colo. App.1990), this court held it was not error for a district court, which reviewed and reversed a final agency action regarding a termination of employment action, to rule on the issue of attorney fees in the same hearing. We noted that the parties "possessed the opportunity to present, and the court was prepared to consider, evidence regarding plaintiff's request. It additionally provided the party against whom the motion was directed with the opportunity to controvert the motion."

Here, a separate hearing was held at which Cook presented expert opinion testimony and testified in his own behalf. Fellman, on the other hand, rather than calling witnesses, relied on an investigative report of the accident and on arguments and affidavits previously submitted to the same court at its hearing on his motion for summary judgment. We hold that the court was sufficiently familiar with this record to evaluate the amount and reasonableness of the fees incurred by Fellman in his motion for summary judgment.

## B. Fees Incurred in the Hearing on Fees

In its order awarding these fees, the court permitted Fellman to apply for additional fees incurred as a result of the hearing on attorney's fees. Cook responded to Fellman's post-trial motion by requesting additional time to respond to Fellman's motion, by asking the court to deny the motion on its merits, and by making specific objection to certain hourly charges. In addition, he asked the court to issue an order clarifying that its original order would not be a final judgment until it ruled on Fellman's post-trial motion.

Although Cook did not make a specific request for an evidentiary hearing on Fellman's motion for additional attorney fees, his pleadings clearly show his desire for an opportunity to present further evidence. This court has held that "in the absence of a demand by any party, a trial court, having sat through the presentation of the parties' evidence ... [need not] hold an additional evidentiary hearing before making its determination that there exists no basis for an award of attorney fees. ..." *Christian v. Westmoreland*, 809 P.2d 1105 (Colo.App.1991). However, when fees are awarded, the court is required to make detailed evidentiary findings, and it must provide the opportunity for a hearing. *Pedlow v. Stamp, supra.*

Here, the court, without a hearing, granted Fellman's motion after reviewing the briefs submitted by both parties in connection therewith, and it did so despite Cook's written objections to the award of additional fees and to some of the hourly charges. Although this court has upheld the award of attorney fees incurred in a hearing on attorney fees, *see Schmidt Construction Co. v. Becker–Johnson Corp.*, 817 P.2d 625 (Colo.1991), as a predicate to such award, there must be a determination that the defense of such a motion lacked substantial justification.

The determination of whether attorney fees should be awarded and in what amount is within the discretion of the trial court, *In re Application of Talco, Ltd., supra*. Therefore, we reverse the order awarding fees of $4,235.37 and remand for a hearing consistent with the standards we have outlined above.

## IV.

Finally, we reject Cook's contention that, because Fellman's insurance com-

pany paid the fees, Fellman is not the real party in interest and consequently a judgment cannot be entered in his favor. A "real party in interest is that party who, by virtue of substantive law, has the right to invoke the aid of the court in order to vindicate the legal interest in question." *Goodwin v. District Court,* 779 P.2d 837 (Colo.1989). As the named defendant in the action filed by Cook on behalf of the Littles and the party on whose behalf the attorney fees were incurred, Fellman has the right to seek attorney fees under § 13–17–102 regardless of the arrangement between him and his insurer as to the payment of those fees.

The order awarding Fellman $7,500 in attorney fees is affirmed. The order awarding $4,235.37 in attorney fees is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REED and RULAND, JJ., concur.