The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
April 19, 2018

## 2018COA55

### No. 16CA1909, *Paradine v. Goei* — Corporations — Piercing the Corporate Veil; Labor and Industry — Colorado Wage Claim Act

A division of the court of appeals holds that the Colorado Wage
Claim Act does not categorically bar a plaintiff from piercing the
corporate veil to hold an individual liable for unpaid wages.  In the
course of reaching that conclusion, the opinion disagrees with the
defendant's assertion that language in *Leonard v. McMorris,* 63 P.3d
323, 331 (Colo. 2003), established such a bar.  Because the plaintiff
pled sufficient facts to establish a plausible claim that the plaintiff
could pierce the corporate veil, the trial court erred when it granted
defendant's motion to dismiss on the pleadings.  The division
therefore reverses the trial court's judgment and remands the case
with instructions.

Court of Appeals No. 16CA1909
Boulder County District Court No. 16CV30186
Honorable Norma A. Sierra, Judge

Robert Paradine,

Plaintiff-Appellant,

v.

Esmond Goei,

Defendant-Appellee.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE BERNARD
Terry and Harris, JJ., concur

Announced April 19, 2018

Jung & Associates, P.C., Ronald D. Jung, Boulder, Colorado; Weston M. Cole
Law Office, LLC, Weston M. Cole, Littleton, Colorado, for Plaintiff-Appellant

Jester Gibson & Moore LLP, Marcel Krzystek, Jay S. Jester, Denver, Colorado,
for Defendant-Appellee

¶ 1     Does the Colorado Wage Claim Act, sections 8-4-101 to -123, C.R.S. 2017, bar claimants from piercing the corporate veil to hold an individual personally liable for unpaid wages?  We answer that question "no."

¶ 2     We ask and answer that question in the case of plaintiff, Robert Paradine, who appeals the trial court's order that granted a motion for judgment on the pleadings that defendant, Esmond Goei, had filed.  Because of our answer and our resolution of a second issue, we reverse the court's judgment and remand for further proceedings.

I.     Background and Procedural History

¶ 3     Plaintiff served as the Chief Financial Officer and Vice President of Administration for a corporation called Aspect Technologies, Inc.  Defendant was the Chief Executive Officer.

¶ 4     Plaintiff sued defendant and Aspect, raising three claims: a claim under the Wage Claim Act, fraud, and breach of contract.  He alleged that defendant and Aspect owed him about $8100 in unpaid wages.

¶ 5     Defendant filed a motion for judgment on the pleadings under C.R.C.P. 12(c).  The trial court granted the motion and dismissed

the three claims against defendant with prejudice. (The claims against Aspect are still alive.) After denying plaintiff's motion to reconsider, the court certified its order dismissing the claims against defendant as a final judgment under C.R.C.P. 54(b).

## II.    Analysis

### A.    Standard of Review and C.R.C.P. 12(c)

¶ 6    We review C.R.C.P. 12(c) judgments on the pleadings de novo. *Fischer v. City of Colorado Springs*, 260 P.3d 331, 334 (Colo. App. 2010). Courts generally disapprove of such judgments. *Colo. Criminal Justice Reform Coal. v. Ortiz*, 121 P.3d 288, 294 (Colo. App. 2005). Historically, this meant that we would affirm a judgment on the pleadings "only if it appear[ed] beyond doubt that the party asserting a claim [could] prove no set of facts in support of the claim that would entitle the party to relief." *Id.* "This standard [was] essentially consistent with that employed in resolving a motion to dismiss for failure to state a claim" under C.R.C.P. 12(b)(5). *Id.*

¶ 7    Our supreme court changed the C.R.C.P. 12(b)(5) standard in 2016. *Warne v. Hall*, 2016 CO 50. Now, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

at ¶ 9 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "Under this standard, a party must plead sufficient facts that, if taken as true, suggest plausible grounds to support a claim for relief." *Campaign Integrity Watchdog, LLC v. All. for a Safe and Indep. Woodmen Hills*, 2017 COA 22, ¶ 28 (*cert. granted* Oct. 30, 2017). And "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Warne*, ¶ 9 (quoting *Iqbal*, 556 U.S. at 678).

¶ 8     Because, before *Warne*, the C.R.C.P. 12(b)(5) and C.R.C.P. 12(c) standards were the same, *see Colo. Criminal Justice Reform Coal.*, 121 P.3d at 294, we conclude that the changes in the C.R.C.P. 12(b)(5) standard effected by *Warne* also apply to C.R.C.P. 12(c). Indeed, federal courts use the same standard to resolve claims under Fed. R. Civ. P. 12(b)(6), the federal equivalent of our C.R.C.P. 12(b)(5), and Fed. R. Civ. P. 12(c). *See, e.g., Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44 (1st Cir. 2012)("When . . . a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is employed as a vehicle to test the plausibility of a complaint, it must be evaluated as if it were a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)."); *Sensations, Inc. v. City of Grand*

3

*Rapids*, 526 F.3d 291, 295-96 (6th Cir. 2008); *Basile v. Prometheus Global Media*, 225 F. Supp. 3d 737, 741 (N.D. Ill. 2016).

## B. *Leonard v. McMorris*

¶ 9 The trial court's judgment relied significantly on *Leonard v. McMorris*, 63 P.3d 323 (Colo. 2003). In that case, employees sued corporate officers individually for unpaid wages following the company's declaration of bankruptcy. *Id.* at 325. The supreme court held that the corporation's officers and agents were "not jointly and severally liable for payment of employee wages and other compensation" under the Colorado Wage Claim Act. *Id.*

¶ 10 The employees in *Leonard* did not raise claims, such as fraud or breach of contract, besides the one under the Wage Claim Act. Rather, the supreme court's holding arose primarily from its analysis of the statutory language in the civil liability provisions of the Wage Claim Act. *Id.* at 333.

¶ 11 In reaching this result, the supreme court observed generally that, "[i]n the absence of some exception, neither the officers nor the directors of a corporation are personally responsible for the debts of a corporation merely because they are officers or directors of the corporation." *Id.* at 332 (quoting 3A William Meade Fletcher

et al., *Fletcher Cyclopedia of the Law of Corporations* § 1117 (perm. ed., rev. vol. 2002)). One possible exception would arise if a court allowed a plaintiff to pierce the corporate veil to proceed against a corporation's officers. *Id.* at 330.

### C. The Wage Claim Act Claim

¶ 12 Plaintiff asserts that *Leonard* did not bar him from "piercing the corporate veil and hold[ing] [defendant] personally liable under" the Wage Claim Act. We agree.

¶ 13 *Leonard*'s analysis seemed to be categorical: "We find *no* provision of the Wage Claim Act . . . that makes the personal assets of officers available for recourse to other employees of the corporation when the hiring entity discharges them." *Id.* at 331 (emphasis added).

¶ 14 But, when we look deeper, we conclude, for the following reasons, that *Leonard*'s language was not meant to prevent plaintiffs from piercing the corporate veil in Wage Claim Act claims under the appropriate circumstances.

¶ 15 First, the remedies available under the Wage Claim Act are designed to encourage employers to make timely payments to employees of the wages that they have earned. § 8-4-109(3)(b),

5

C.R.S. 2017; *Lee v. Great Empire Broad., Inc.*, 794 P.2d 1032, 1034 (Colo. App. 1989). Piercing the corporate veil in the right circumstances would further this legislative intent.

¶ 16 Second, the Wage Claim Act was adopted "during a time when the General Assembly was enacting labor legislation in order to combat employer fraud and oppression." *Leonard*, 63 P.3d at 337 (Mullarkey, C.J., dissenting). Because the statute's purpose was to prevent employer fraud, logic indicates that the legislature would not exclude an employer whose existence may be fraudulent from the Act's reach. *See McCallum Family L.L.C. v. Winger*, 221 P.3d 69, 74, 79 (Colo. App. 2009)(The test for piercing the corporate veil requires (1) evidence that the corporation was a mere alter ego of the officer; (2) evidence that the officer used the corporation to perpetrate a fraud or to defeat a rightful claim; and (3) the trial court's evaluation of whether "an equitable result will be achieved by disregarding the corporate form and holding the shareholder personally liable for the acts of the business entity." (quoting *In re Phillips*, 139 P.3d 639, 644 (Colo. 2006))).

¶ 17 Third, *Leonard*'s fundamental premise was that the Wage Claim Act incorporated common law principles, including the

concept of piercing the corporate veil. *Leonard*, 63 P.3d at 330. This means that a corporate officer is not automatically liable to pay an employee wages. *Id.* at 328, 331 ("[T]he legislature did not intend to impose personal liability on officers and agents that is equal to the corporation's liability"; employers are not "always responsible" for the corporation's obligation to pay wages; "the General Assembly did not intend blanket corporate officer and agent liability for unpaid wages.").

¶ 18    But *Leonard* also recognized that, under well-established exceptions, officers or agents could be personally liable for a company's debts. *Id.* at 332 ("In the absence of some exception, neither the officers nor the directors of a corporation are personally responsible for" the corporation's debts. (quoting 3A Fletcher et al., § 1117)). Two of these well-established exceptions are piercing the corporate veil, and when an officer acts on behalf of an undisclosed principal, *id.* at 330.

¶ 19    Fourth, the supreme court's intent to apply the concept of piercing the corporate veil to Wage Claim Act claims becomes clearer when we consider the sentence that immediately preceded the categorical language that we have quoted above: "Under [the

employees'] view, the officers and agents of corporations are *always* responsible for wages due as a result of the employment relationship . . . ." *Id.* at 331 (emphasis added). In other words, the supreme court held that a corporation's officers and agents were not *always* liable under the Wage Claim Act; they would only become liable if one of the well-established exceptions, such as piercing the corporate veil, applied.

### D.   The Fraud and the Breach-of-Contract Claims

¶ 20   Addressing the fraud claim, the trial court wrote that, "to find [defendant] personally liable for fraud, the [c]ourt would have to pierce the corporate veil and find that Aspect was [defendant's] alter ego . . . ." If the court were to make such a finding, "the result would be that [defendant] would be personally liable for paying [p]laintiff any unpaid wages." Such a result, the court decided, would be barred by *Leonard.*

¶ 21   As far as the breach-of-contract claim was concerned, the trial court, again relying on *Leonard,* wrote that, "[a]s [defendant] was not a party to the employment contract between [p]laintiff and [A]spect, he therefore cannot be held personally liable for breach of its terms."

8

¶ 22    We conclude, for the following reasons, that (1) *Leonard* did not bar plaintiff's fraud and breach-of-contract claims; and (2) plaintiff pled sufficient facts that, if taken as true, suggested plausible grounds to support his fraud and breach-of-contract claims, *see Campaign Integrity Watchdog, LLC*, ¶ 28.

¶ 23    First, we have concluded above that *Leonard* does not hold that the Wage Claim Act bars plaintiffs from piercing the corporate veil.

¶ 24    Second, plaintiff's fraud claim made allegations in support of his request that the trial court pierce the corporate veil to impose liability on defendant. *See generally Griffith v. SSC Pueblo Belmont Operating Co.*, 2016 CO 60M, ¶ 11. For example, the complaint alleged that defendant had

- collected funds for Aspect, and said that those funds would be used to pay Aspect's employees;

- "utilize[d] [Aspect's] income . . . for his own personal use and divert[ed] corporate funds in a manner which was inconsistent with corporate requirements"; and

- "treated Aspect as his alter ego by requiring the corporation to pay for his personal expenses, apartment lease, vehicle

payments, commingled bank accounts and credit cards in individual names[,] and paying personal credit card expenses."

¶ 25    Third, plaintiff's breach-of-contract claim incorporated the allegations in the fraud claim, and it additionally alleged that

- Aspect "acted through its agent" — defendant — "who sanctioned and actively participated in negotiating and entering into" an employment agreement with plaintiff; and

- Aspect and defendant had "willfully, intentionally and materially breached the employment agreement by failing to make required payments."

¶ 26    Fourth, *Leonard* did not involve either a fraud claim or a breach-of-contract claim; it only involved a claim under the Wage Claim Act. We cannot find any language in *Leonard* that indicates that the supreme court intended its holding to apply beyond Wage Claim Act cases. And, as we have observed above, *Leonard* did not create a categorical bar to the personal liability of corporate officers in Wage Claim Act cases.

¶ 27    Fifth, *Leonard*'s analysis was thoroughly dependent on the language of the Wage Claim Act. It did not analyze the elements of

a fraud claim or of a breach-of-contract claim, and those latter claims do not involve any of the Wage Claim Act's provisions.

¶ 28    Sixth, *Leonard*'s general discussion of individual liability in the corporate context, including the concept of piercing the corporate veil, was anchored to the Wage Claim Act claim.  The fraud and breach-of-contract claims arise in a different context in which piercing the veil may be difficult, but, at this stage of the proceedings, still possible.  *See Leonard*, 63 P.3d at 330.  (We take no position on whether plaintiff can successfully pierce the corporate veil for either the fraud claim or the breach-of-contract claim.  Whether he can do so is a question to be decided in the trial court.)

¶ 29    The trial court's judgment is reversed.  We remand this case to the trial court to reinstate the Wage Claim Act claim, the fraud claim, and the breach-of-contract claim, and to proceed accordingly.

JUDGE TERRY and JUDGE HARRIS concur.