20CA1803 & 20CA1942 LBA v Landmark 01-20-2022 COLORADO COURT OF APPEALS Court of Appeals Nos. 20CA1803 & 20CA1942 City and County of Denver District Court Nos. 14CV32763 & 15CV30950 Honorable Morris B. Hoffman, Judge Honorable Kandace C. Gerdes, Judge LBA Realty Fund III-Company III, LLC, a Delaware limited liability company, Appellant, v. Landmark American Insurance Company, Intervenor-Appellee. ORDERS REVERSED AND CASES REMANDED WITH DIRECTIONS Division V Opinion by JUDGE YUN Welling and Davidson*, JJ., concur NOT PUBLISHED PURSUANT TO C.A.R. 35(e) Announced January 20, 2022 Moye White LLP, Thomas M. List, Patrick J. Hickey, Denver, Colorado, for Appellant Traub Lieberman Straus & Shrewsberry LLP, Michael S. Knippen, Chicago, Illinois, for Intervenor-Appellee *Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2021. 
1 ¶ 1 In this consolidated appeal, LBA Realty Fund III-Company III, LLC (LBA) appeals (1) the district court’s order in case number 15CV30950 concluding that a judgment under appeal was not a garnishable asset; (2) the district court’s order in case number 14CV32763 granting a C.R.C.P. 12(c) motion for judgment on the pleadings; and (3) the district court’s order denying LBA’s motion to intervene in case number 14CV32763. We reverse the three orders and remand the cases for further proceedings. I. Background ¶ 2 This appeal has a complicated procedural history. We describe it step by step. A. The Lease Action ¶ 3 LBA is the former landlord of the Castle Law Group, LLC (Castle Law). When Castle Law defaulted on its lease, LBA sued for breach of contract (the Lease Action). In November 2015, the district court entered judgment for LBA in the amount of $1,594,213.81. 
2 B. The State Action and LBA’s Attempts to Garnish the Attorney Fee Award ¶ 4 In 2014, the State of Colorado sued Castle Law, alleging that the firm had engaged in a deceptive scheme related to its foreclosure legal work (the State Action). See State ex rel. Weiser v. Castle L. Grp., LLC, 2019 COA 49, ¶¶ 4-6, superseded by statute, Ch. 268, sec. 1, § 6-1-103, 2019 Colo. Sess. Laws 2515, as stated in State ex rel. Weiser v. Ctr. for Excellence in Higher Educ., Inc., 2021 COA 117. Landmark American Insurance Company (Landmark) is Castle Law’s liability insurer and provided Castle Law’s defense in the State Action. ¶ 5 Following a bench trial, the district court ruled in Castle Law’s favor on all but one of the claims asserted by the State, and the judgment against Castle Law on the remaining claim was later vacated on appeal. Id. at ¶¶ 2-3. After the trial, Castle Law asked the district court to award attorney fees on the grounds that the State’s claims lacked substantial justification under section 13-17-102, C.R.S. 2021. The district court awarded Castle Law $1,454,809 in attorney fees. 
3 ¶ 6 The State then appealed the attorney fee award. During the pendency of the appeal, LBA served multiple writs of garnishment on the State to collect its November 2015 judgment from the Lease Action. ¶ 7 In April 2018, LBA served the first writ of garnishment on the State. The State responded that it was liable on the attorney fee award but that the judgment was stayed pending appeal. ¶ 8 On May 15, 2019, LBA served a second writ of garnishment on the State. Before the State answered the writ, a division of this court affirmed in part and reversed in part the district court’s order awarding attorney fees to Castle Law and remanded the case to the district court for further proceedings on the attorney fee award. State ex rel. Weiser v. Castle L. Grp., LLC, slip op. at ¶ 1 (Colo. App. No. 18CA1026, Sept. 5, 2019) (not published pursuant to C.A.R. 35(e)). The State then responded to LBA’s second writ as follows: a. On the date and time this Writ was served upon you, did you possess or control any personal property of the Judgment Debtor [Castle Law] or did you owe any rents, payments, obligations, debts or moneys other than earnings to the Judgment Debtor? X Yes ___ No 
4 b. If YES, list all items of personal property and their location(s) and/or describe the nature and amount of the debt or obligation: . . . Judgment in favor of The Castle Law Group, LLC and against the State of Colorado in the amount of $1,454,809.00 in Denver District Court case No. 2014-CV-32763. Enforcement of this judgment is stayed pending appeal. . . . Judgment was reversed in part and affirmed in part and remanded for further proceedings in Case No. 2018COA1026. . . . Enforcement remains stayed pending final court resolution. ¶ 9 On May 1, 2020, the State and Castle Law reached a stipulation regarding the attorney fees incurred by Castle Law, and the State filed a motion to deposit the funds into the court registry to stop the accrual of postjudgment interest. The State attached LBA’s writs of garnishment as exhibits to its motion and informed the district court that it had received the writs “from a creditor of [Castle Law] seeking the funds that the Court has ordered the State to pay to [Castle Law].” The State further informed the court that it had learned that Landmark, as Castle Law’s insurer, also asserted ownership of the attorney fee award and was planning to intervene in the State Action. The State argued, however, that the competing claims did not affect the merits of its motion to deposit the funds 
5 into the court registry “so they can be accessed by whichever interested party is entitled to receive them.” ¶ 10 On May 15, 2020, the district court entered judgment in favor of Castle Law in the amount of $277,243.61 plus postjudgment interest. On May 22, LBA served a third writ of garnishment on the State, again asserting its rights to the attorney fee award. On May 29, the district court granted the State’s motion to deposit the funds into the court registry. On June 2, the State answered LBA’s third writ and stated that although “[a]t the time of service the State possessed funds, . . . it is not currently in possession of any funds owed to the Judgment Creditor” because it had deposited the funds into the court registry on May 29. C. Landmark’s Intervention in the Lease Action ¶ 11 On May 4, 2020, Landmark filed a motion to intervene in the Lease Action, including a traverse to the State’s answer to LBA’s second writ. Landmark explained that it had paid to defend Castle Law in the State Action and that it had an “understanding” with Castle Law that, “as the entity funding the defense . . . [, it was] the owner of the attorneys’ fee award.” It argued that the State’s answer to LBA’s second writ “incorrectly describes the owner of the 
6 personal property” (that is, the attorney fee award) as Castle Law, when in fact “[a]n award of attorneys’ fees in the [State Action] in favor of the Castle Defendants is actually an award of attorneys’ fees in favor of Landmark as the financier of that litigation.” To permit LBA to garnish the attorney fee award, it argued, would be contrary to “the notion that creditors can only obtain a security interest in property that rightfully belongs to the debtor.” ¶ 12 The district court granted Landmark’s motion to intervene in the Lease Action. LBA filed a reply to Landmark’s traverse, and Landmark filed a brief in support of its traverse. The district court scheduled a traverse hearing for October 2, 2020, to determine whether LBA or Landmark held a priority interest in the attorney fee award. D. Landmark’s Intervention in the State Action ¶ 13 On May 4, 2020, Landmark also filed a motion to intervene and a complaint in intervention in the State Action. Landmark informed the district court of LBA’s approximately $1.5 million judgment against Castle Law in the Lease Action and the writs of garnishment LBA had filed in an attempt to satisfy its judgment “from the attorneys’ fee award in this suit.” Landmark informed the 
7 court that it was disputing the State’s answer to LBA’s second writ of garnishment and that the court in the Lease Action had “not yet entered a final judgment about LBA’s rights to the property sought to be garnished.” It argued that “the award of attorneys’ fees against the [State] belongs to Landmark” because, “[p]rior to the institution of this lawsuit, the Castle Defendants promised their rights to a future attorneys’ fee award to Landmark.” The district court granted Landmark’s motion to intervene. ¶ 14 On August 28, 2020, Landmark filed an unopposed motion for judgment on the pleadings in the State Action, asking the court (1) to declare that the attorney fee award “is the property of Landmark” and (2) to “requir[e] any and all portions of the attorneys’ fee award paid into the Court Registry be paid to Landmark.” Landmark attached a stipulation between itself and Castle Law in which Castle Law agreed that the attorney fee award “is the property of Landmark.” Landmark did not inform the district court of the upcoming traverse hearing scheduled in the Lease Action. 
8 ¶ 15 On September 1, the district court granted Landmark’s motion for judgment on the pleadings. The court’s order stated, in its entirety, as follows: All of the proceeds currently in the registry of the court are attorney fees to which Intervenor Landmark American Insurance Company [is] entitled. Those proceeds shall be released to Landmark American Insurance Company. E. LBA’s Attempt to Intervene in the State Action ¶ 16 Two days later, LBA filed its own motion to intervene in the State Action. LBA explained that it was a judgment creditor of Castle Law and that a traverse hearing was set for October 2 in the Lease Action to determine whether “LBA’s interest in the [attorney fee award] takes priority to Landmark’s interest.” LBA argued that it would be prejudiced if Landmark was allowed to obtain the funds before the hearing and asked the court to stay its order releasing the funds to Landmark. ¶ 17 The court denied LBA’s motion the next day, stating: “The motion is DENIED AS MOOT, the funds having already been disbursed to Landmark American.” 
9 F. The Traverse Hearing ¶ 18 Following the district court’s denial of LBA’s motion to intervene in the State Action, Landmark moved to vacate the October 2 traverse hearing in the Lease Action as moot. Landmark argued that there was no longer an active dispute between LBA and Landmark because the district court in the State Action had determined that the attorney fee award belonged to Landmark based on the stipulation between Landmark and Castle Law. The district court denied the motion. ¶ 19 The day before the hearing, the district court ruled that Landmark’s traverse was untimely filed and noted that, under C.R.C.P. 103, § 8(a), “[t]he failure to timely file a traverse shall be deemed an acceptance of the answer as true.” Because the principals of Castle Law had also filed a traverse to the State’s answer to LBA’s second writ of garnishment, however, the court determined that the hearing was still necessary. ¶ 20 At the hearing, the district court determined that the key question was whether, on May 16, 2019 — the day after LBA filed its second writ of garnishment — the State “possess[ed] or control[led] any personal property of the Castle [Law] Group, that 
10 is[,] the judgment debtor.” The court noted that the judgment in favor of Castle Law was stayed pending appeal at that time and questioned LBA’s counsel by analogy about whether such a judgment could constitute a garnishable asset: Let’s say that in a bank account you[] serve a garnishment on Monday. And the bank responds we might have a deposit coming in on Friday. Do you think you’re entitled to money on Friday based upon what might be known on Monday? Ultimately, the court concluded as follows: There was no money. There was an obligation. An obligation is an anticipation. . . . The anticipation of money is not equivalent to money, and I accordingly find that no money on May 16th, 2019 was in the possession of the state of Colorado that should have been turned over to the garnishor LBA on May 16th, 2019 as a result of LBA’s judgment. . . . And therefore, THE COURT makes its finding that there was no money due and owing to LBA on its garnishment of May 16th, 2019. Therefore, THE COURT has no reason to determine priority in this case because it has no funds before it to determine priority on. ¶ 21 LBA separately appealed the Lease Action and the State Action, and the appeals were later consolidated. 
11 II. Analysis ¶ 22 LBA contends that (1) the district court in the Lease Action erred by concluding that, on May 16, 2019, the attorney fee award was not a garnishable asset; (2) the district court in the State Action erred by granting Landmark’s motion for judgment on the pleadings; (3) the district court in the State Action erred by denying LBA’s motion to intervene; and (4) the district court in the State Action erred by failing to consider LBA’s claim about Landmark’s lack of candor in denying LBA’s motion to intervene. We address each contention in turn. A. Garnishable Asset ¶ 23 LBA contends that the district court in the Lease Action erred by concluding that, on May 16, 2019, the attorney fee award was not a garnishable asset. We agree. 1. Standard of Review ¶ 24 Whether a judgment that is stayed pending appeal constitutes a garnishable asset is a question of law. We review questions of law de novo. Yen, LLC v. Jefferson Cnty. Bd. of Comm’rs, 2021 COA 107, ¶ 10. 
12 2. Law and Discussion ¶ 25 Under C.R.C.P. 103, § 4(a), “a judgment creditor may garnish any money owed a judgment debtor whether due at the time of service of the writ or to become due thereafter.” Flanders Elec. Motor Serv., Inc. v. Davall Controls & Eng’g, 831 P.2d 492, 495 (Colo. App. 1992). “Contingent liabilities, however, are not garnishable.” Id. (citing Haselden Langley Constructors, Inc. v. Graybar Elec. Co., 662 P.2d 1064 (Colo. 1983)). ¶ 26 In Shawn v. 1776 Corp., 787 P.2d 183, 185 (Colo. App. 1989), a division of this court held that a judgment under appeal constitutes a garnishable asset. In reaching this conclusion, the division rejected the argument that “pending appellate review converts a judgment either to a contingent liability or to a debt that becomes due in the future.” Id. Rather, the division held, “[a] debt which has been reduced to judgment is within the purview of garnishment proceedings. And, since a judgment is presumed valid until reversed, the fact that the judgment is under appeal does not, per se, invalidate it.” Id. (citation omitted). The court noted that, by taking this approach, “both parties to a garnishment proceeding are fully protected”: 
13 The garnishee has the benefit of pursuing appellate proceedings, and in the event of reversal, the garnishment would be discharged. If, however, the appeal is unsuccessful, the garnishor is placed in the position of the defendants in . . . collecting upon the judgment . . . . Further, he is protected by any priority that he may have by virtue of the time of the filing of his garnishment claim. Nor will . . . he be required constantly to monitor the outcome of the appeal to reinstitute garnishment proceedings. Id. (citation omitted). We agree with this reasoning. ¶ 27 Here, to collect its judgment from the Lease Action, LBA issued multiple writs of garnishment, including the second writ on May 15, 2019, to the State. At that time, the judgment awarding attorney fees was pending on appeal. Accordingly, because a judgment on appeal is neither a contingent liability nor a debt that becomes due in the future, id., the district court erred by concluding that the attorney fee award was not a garnishable asset.
1 1 Landmark also contends that the district court’s order in the Lease Action was not a final appealable order because it did not resolve LBA’s claims against Castle Law. Initially, we note that a motions division of this court has already determined that “this appeal has now been perfected from a final, appealable judgment by the entry on January 22, 2021, of the district court’s order re: October 2, 2020, traverse hearing.” In any event, the January 22, 
14 ¶ 28 We are not persuaded otherwise by Landmark’s argument that, because it financed Castle Law’s defense in the State Action, it was the “true owner” of the attorney fee award. To the contrary, Castle Law was the real party in interest with regard to those attorney fees regardless of the contractual arrangement between Castle Law and its liability insurer for the disbursement and repayment of those fees. See Mullins v. Kessler, 83 P.3d 1203, 1204-05 (Colo. App. 2003) (holding that the defendant, as the named party in the lawsuit and the party on whose behalf costs were incurred, had the substantive right to recover costs regardless of the arrangement between the defendant and his liability insurer for the disbursement and repayment of those costs); Little v. Fellman, 837 P.2d 197, 205 (Colo. App. 1991) (holding that the defendant has the right to seek attorney fees as the real party in interest even though his insurance company paid those fees), overruled on other grounds by In re Marriage of Aldrich, 945 P.2d 2021 order resolved all remaining claims and issues because LBA’s judgment against Castle Law was entered on November 4, 2015, and there are no other pending postjudgment proceedings. 
15 1370 (Colo. 1997). Thus, the attorney fee award was subject to garnishment. ¶ 29 We therefore reverse the district court’s order and remand the case for the district court to determine whether LBA, as a judgment creditor of Castle Law, or Landmark, as Castle Law’s insurer, has a priority interest in the attorney fee award in favor of Castle Law. B. Judgment on the Pleadings ¶ 30 LBA contends that the district court in the State Action erred by granting Landmark’s motion for judgment on the pleadings. We agree. 1. Standard of Review ¶ 31 We review judgments on the pleadings under C.R.C.P. 12(c) de novo. Paradine v. Goei, 2018 COA 55, ¶ 6. 2. Law and Discussion ¶ 32 Judgment on the pleadings under C.R.C.P. 12(c) is appropriate “if, from the pleadings, the moving party is entitled to judgment as a matter of law.” City & Cnty. of Denver v. Qwest Corp., 18 P.3d 748, 754 (Colo. 2001). ¶ 33 By the time Landmark moved for judgment on the pleadings on August 28, 2020, the district court had already been informed 
16 by both the State and Landmark that LBA, as a judgment creditor of Castle Law, claimed an interest in the attorney fee award and had filed multiple writs of garnishment. In its May 1, 2020, motion to deposit funds into the court registry, the State told the court that LBA was seeking the funds the court had ordered the State to pay to Castle Law. In fact, the State attached LBA’s writs of garnishment to its motion. And in its May 4, 2020, motion to intervene in the State Action, Landmark told the court that it was litigating the issue of LBA’s right to garnish the attorney fee award in the Lease Action and that the district court in that case had “not yet entered a final judgment about LBA’s rights to the property sought to be garnished.” ¶ 34 In considering a C.R.C.P. 12(c) motion, a court “should not grant the motion unless the pleadings themselves show that the matter can be determined on the pleadings.” Melat, Pressman & Higbie, L.L.P. v. Hannon L. Firm, L.L.C., 2012 CO 61, ¶ 17 (quoting Conn. Gen. Life Ins. Co. v. A.A.A. Waterproofing, Inc., 911 P.2d 684, 687 (Colo. App. 1995)). The district court was aware or should have been aware of LBA’s writs of garnishment and the active dispute between LBA and Landmark in the Lease Action, and the pleadings 
17 did not show that the dispute had been resolved. Accordingly, the court acted prematurely by ordering that the funds be disbursed to Landmark. ¶ 35 We therefore reverse the district court’s order disbursing the funds to Landmark and remand the case for the district court to await the determination of priority between LBA and Landmark in the Lease Action before disbursing the funds to whichever party is entitled to them. C. Motion to Intervene ¶ 36 LBA contends that the district court in the State Action erred by denying LBA’s motion to intervene. Again, we agree. 1. Standard of Review ¶ 37 We review de novo a district court’s denial of a motion to intervene as of right under C.R.C.P. 24(a)(2). Feigin v. Alexa Grp., Ltd., 19P.3d 23, 28 (Colo. 2001). 2. Law and Discussion ¶ 38 A non-party may intervene in a civil action as a matter of right if (1) the applicant claims an interest in the subject matter of the litigation; (2) the disposition of the case may impede or impair the applicant’s ability to protect that interest; and (3) the applicant’s 
18 interest is not adequately represented by the existing parties. C.R.C.P. 24(a)(2). ¶ 39 LBA explained in its motion to intervene that it claimed an interest in the attorney fee award and that its interest was not adequately represented by the existing parties. It further explained that, if LBA is not allowed to intervene to stop the disbursement of the [attorney fee award], LBA will be chasing money from Castle Law that is already in the hands of Landmark. This will . . . impair LBA’s ability to collect on [its approximately $1.5 million judgment against Castle Law in the Lease Action] and would render the ongoing litigation in [the Lease Action] essentially meaningless. Thus, LBA will never have its day in court regarding whether its right to the [attorney fee award] takes priority over Landmark’s claimed interest. ¶ 40 The court denied LBA’s motion as moot because the funds had already been disbursed to Landmark. As explained above, however, it was error for the district court to disburse the funds to Landmark. The fact that the funds had been disbursed thus did not render LBA’s motion moot. See C.R.C.P. 60(b) (permitting a court to relieve a party from a final judgment on the grounds of mistake). Rather, as LBA correctly noted in its motion, an issue 
19 remained regarding its right to be heard on the question of whether its writs of garnishment took priority over Landmark’s claimed interest in the attorney fee award. Accordingly, we conclude that the district court erred by denying LBA’s motion to intervene. D. Lack of Candor ¶ 41 LBA further argues that Landmark failed to inform the district court of the scheduled traverse hearing in the Lease Action and argues that the court erred by failing to address this lack of candor in its ruling on LBA’s motion to intervene. See Colo. RPC 3.3. Since we have already concluded that the district court erred by denying LBA’s motion, however, we need not address this additional argument. III. Conclusion ¶ 42 The orders are reversed, and the cases are remanded for (1) the district court in the Lease Action to determine whether LBA or Landmark has a priority interest in the attorney fee award in favor of Castle Law and (2) the district court in the State Action to grant LBA’s motion to intervene and disburse the funds as appropriate once priority has been determined. JUDGE WELLING and JUDGE DAVIDSON concur.